**Juan C. Chavez**, OSB #136428
**Brittney Plesser**, OSB #154030
**Franz Bruggemeier**, OSB #163533
**Alex Meggitt**, OSB #174131
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

**David F. Sugerman**, OSB # 862984
Sugerman Law Office
707 SW Washington St Ste 600
Portland OR 97205
Tel: 503-228-6474
Facsimile: 503-228-2556

 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| PAUL MANEY; GARY CLIFT; GEORGE NULPH; THERON HALL; DAVID HART; MICAH RHODES; and SHERYL LYNN SUBLET, *individually, on behalf of a class of other similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KATE BROWN, COLETTE PETERS; HEIDI STEWARD; MIKE GOWER; MARK NOOTH; ROB PERSSON; and KEN JESKE,<br><br>Defendants. | Case No. 6:20-cv-00570-SB<br><br>**PLAINTIFFS' UNOPPOSED MOTION TO PROVIDE NOTICE AND OBTAIN RELEASE OF MEDICAL RECORDS OF INCARCERATED ADULTS DIAGNOSED WITH COVID-19** |

## LR 7-1 COMPLIANCE

Counsel for plaintiffs certify that they conferred in good faith with counsel for defendants, and defendants do not oppose this motion.

## MOTION

Plaintiffs seek an order: 1) requiring defendants to disclose a list of incarcerated adults who have been diagnosed with COVID-19; 2) updating the list every 14 days; 3) sending court-approved notice to all people on the list; and 4) producing medical records for all COVID-19 incarcerated adults who do not timely object to disclosure of their medical records.

## MEMORANDUM IN SUPPORT

**1. What is at issue?**

The proposed damages class bears the burden of establishing an entitlement to class certification and to the requested relief. Membership in the proposed class turns on the existence of a diagnosis of COVID-19 infection. It is essential that counsel for the proposed class have access to sufficient medical records to confirm diagnosis and establish the elements of class certification. At the same time, the State, counsel for the proposed class, and the Court must protect the privacy of the requested medical evidence.

**2. The parties agree on a method to balance the needs of discovery and privacy.**

The parties worked cooperatively to fashion a plan that would balance the need for discovery against the privacy rights. The parties agree that providing written notice to incarcerated adults who have received a diagnosis and giving the affected person the opportunity to object would preserve privacy while allowing discovery of the medical information for those who want to participate. The parties have also agreed that the scope of production should be

limited to any intake physical and medical history, together with kytes and medical records from September 1, 2019 through the present.

The parties also agree that medical records should be subject to the attorneys' eyes-only protective order provision that allow for attorneys' review, experts' review, and permit private discussion between counsel for the proposed class and the individual about the medical information contained in the records. The parties further agree that any filings that require disclosure of such records to the Court should be under seal. While the Court must ultimately approve this approach, the parties believe that it protects privacy, provides necessary discovery, and ensures fairness in the proceedings. The parties have generally agreed o a method of production that will expedite production of records so that we can keep discovery on track.

Exhibit A, attached, is a proposed form of notice approved by both sides.

### 3. Applicable legal standards

Privacy of medical information is governed by state law. In pertinent part, Oregon law provides that medical records are not disclosed unless they fall within an enumerated exception to the privacy rule. ORS 179.505(2). The relevant exception includes a court order allowing disclosure. *Id.*

This Court has plenary authority over the conduct of cases filed as class actions, including the authority to order appropriate notice to some or all members of the class as necessary to protect class members and facilitate the fair conduct of the action. Fed. R. Civ. P. 23(d)(1)(B)(i). The Court's authority extends to procedural matters that may arise during the case. Fed. R. Civ. P. 23(d)(1)(E).

### 4. Form and timing of notice

In order to provide notice, the Court must order the Department of Corrections to disclose to plaintiffs' counsel the names of those incarcerated adults who have been diagnosed with COVID-19. Such an order would satisfy the requirements of ORS 179.505(2).

Counsel for plaintiffs would then send the court-approved notice to the affected individuals. The notice should be short and easily read. It should inform damages class members that the Court is ordering this notice to inform them of the request for medical records and to allow them to object if they do not want their records disclosed. The notice should also explain why the class member is getting the notice and that all records disclosed will be used only for this litigation and cannot be redisclosed. The notice should also explain that the Court has not ruled on the merits of the case or on the request to certify a class.

The notice should also provide class members with clarity about how to object and also provide sufficient time to allow objection. The parties agree that 30 days should provide ample time. Exhibit A is the proposed form of notice.

### 5. The orderly processing of this case requires this step

The damages class is limited to incarcerated adults who have been diagnosed with COVID-19. The information is necessary because the State will contest class certification, and plaintiffs will be required to establish that the common questions of fact or law predominate over individual questions. Fed R. Civ P. 23(b)(3). This showing is not possible without detailed medical information on those in the proposed damages class.

/ /

/ /

/ /

/ /

## CONCLUSION

The Court should grant the motion.

Dated June 26, 2020.

                                                  /s/ *David F. Sugerman*
                                                  David F. Sugerman, OSB # 862984
                                                  Attorney for Plaintiff

# EXHIBIT A-PROPOSED NOTICE TO DAMAGES CLASS

NOTICE OF REQUEST FOR REVIEW OF MEDICAL RECORDS

A case has been filed in U.S. District Court in Eugene, OR for adults incarcerated in Oregon prisons who have been diagnosed with COVID 19. You are getting this notice because you were diagnosed with COVID 19 illness.

The plaintiffs pursuing the case have requested access to medical records of those incarcerated people who have been diagnosed with COVID 19.

They want to use the records to help prove the case.

The Court has not ruled on whether the case has merit. The Court has not decided whether the case may go forward as a class action.

**If you do not want your records to be released, to the lawyers pursuing the case, you need to notify them of your objection within 30 days of the date of mailing of this notice.**

You can use the attached post card to decline to have your records released by checking the box DO NOT RELEASE MY RECORDS and returning it no later than 21 days from the date of this notice. You can also mail your own letter to the address below if you prefer to do so.

If you do not object within the time provided, Oregon Department of Corrections will release your records. Your medical records may only be used to pursue this case. They may only be reviewed by the lawyers for the proposed class and their experts. They may also discuss your records with you.

If you have questions, you may contact the attorneys for the proposed class:

David F. Sugerman

Sugerman Law Office

707 SW Washington, Suite 600

Portland, OR 97205

(503) 228-6474; david@sugermanlawoffice.com


**Do not contact the Court.**


Date of Mailing [to be filled in by counsel on rolling basis]:

[Court signature]


**6 |** PLAINTIFFS' UNOPPOSED MOTION TO PROVIDE NOTICE AND OBTAIN RELEASE OF MEDICAL RECORDS