**Juan C. Chavez**, OSB #136428
**Brittney Plesser**, OSB #154030
**Franz Bruggemeier**, OSB #163533
**Alex Meggitt**, OSB #174131
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-275-1839

**David F. Sugerman**, OSB # 862984
**Nadia Dahab**, OSB # 125630
Sugerman Law Office
707 SW Washington St Ste 600
Portland OR  97205
Tel: 503-228-6474
Facsimile: 503-228-2556

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| PAUL MANEY; GARY CLIFT; GEORGE NULPH; THERON HALL; DAVID HART; MICAH RHODES; and SHERYL LYNN SUBLET, *individually, on behalf of a class of other similarly situated*,<br><br>Plaintiffs,<br><br>        v.<br><br>STATE OF OREGON; KATE BROWN, COLETTE PETERS; HEIDI STEWARD; MIKE GOWER; MARK NOOTH; ROB PERSSON; KEN JESKE; and PATRICK ALLEN,<br><br><br>Defendants. | Case No. 6:20-cv-00570-SB<br><br><br>PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL (VACCINE CLASS)<br><br>ORAL ARGUMENT REQUESTED |

## LOCAL RULE 7-1 CERTIFICATION

As required by LR 7-1, counsel for plaintiffs and defendants conferred through a series of phone calls and emails on these motions, and they are largely unopposed. Defendants do not oppose the motions, except for one important detail. As well, the parties agree that Defendants' position on this motion does not affect defendants' ability to contest future class certification motions directed at other classes.

As to the point of disagreement: The parties disagree on the scope of the class that this Court should certify. Plaintiffs seek class certification of a class consisting of all adults in custody who have not been offered a COVID-19 vaccination. Defendants assert that the class should be limited to medically vulnerable and elderly adults in custody.

## MOTION

Plaintiffs respectfully move for an order:

1. Provisionally certifying the following class: All adults in custody housed at Oregon Department of Corrections facilities (ODOC) who have not been offered COVID-19 vaccinations. FRCP 23(b)(2);

2. Appointing Plaintiffs Theron Hall, and Sheyl Lynn Sublet as class representatives; and

3. Appointing Plaintiffs' counsel appearing in this case as class counsel.

The motion is supported by the following memorandum in support of provisional class certification.

## MEMORANDUM

The surge in COVID-19 infections continues to build in Oregon prisons. So, too, does the death toll. Yet the State has chosen to dole out vaccinations in a priority scheme that ignores the stark situation.

When the State first announced vaccine priorities, virtually all adults in custody were placed in the "1B" category. But no date has been established for the beginning of vaccination. Yet, on January 15, 2021, Defendant Governor Brown announced that teachers, school employees, and adults over the age of 65 could begin receiving vaccinations on February 8, 2021.[1]

In the meantime, as of January 14, 2021, the State has started vaccination of corrections officers and attorneys who represent adults in custody. As well, Plaintiffs understand that a small number of medically vulnerable adults in custody—approximately 1300—received early vaccinations. While it is laudable to protect these populations, the Eighth Amendment does not allow this continuing depravation of life-saving medical care.

Plaintiffs seek class-wide injunctive relief requiring vaccinations of all adults in custody starting at the earliest date that teachers or elderly Oregonians receive vaccinations. To ensure that such relief addresses all adults in custody, plaintiffs seek provisional certification of a class for injunctive relief.[2]  Provisional class certification is appropriate under FRCP 23(b)(2).[3]

---

[1]      Governor Brown initially announced that seniors and school employees would receive vaccinations starting on January 23, but that date was delayed due to a lack of available vaccine. Oregon to start COVID-19 vaccinations of teachers Jan. 25, seniors 65+ to wait to Feb. 8 https://www.oregonlive.com/news/2021/01/oregon-to-start-covid-19-vaccinations-of-teachers-jan-25-seniors-65-to-wait-to-feb-8.html

[2]      Concurrently with this motion, Plaintiffs also have filed an unopposed motion for leave to file a Third Amended Complaint and a motion for class-wide preliminary injunction injunctive relief.

[3]      Class actions may be maintained under FRCP 23(b)(2) when, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole…."

1. <u>**Provisional class actions**</u>

Provisional class actions may be certified under Rule 23(b)(2).  To qualify, a proposed class must meet the prerequisites set forth in Rule 23(a) and must otherwise be maintainable under Rule 23(b)(2). *Meyer v. Portfolio Recovery Assoc., LLC*, 707 F.3d 1036, 1041-43 (9th Cir. 2012), *cert. den.*, 569 U.S. 985 (2013) (so holding and affirming provisional class certification for injunctive relief under Rule 23(b)(2)); *accord Al Otro Lado v. Wolf*, 952 F.3d 999, 1005 n.4 (9th Cir. 2020) (confirming propriety of provisional class certification in a case involving preliminary injunction of federal immigration policy).

Injunctive relief claims for conditions of confinement relating to COVID-19 are properly certified as provisional class actions. The rule allows provisional class certification at the preliminary injunction stage. *Meyer*, 707 F.3d at 1043; *Mays v. Dart*, 453 F. Supp. 3d 1074, 1085-86 (N.D. Ill. 2020) (certifying provisional class challenging conditions of pretrial confinement under the Fourteenth Amendment).

2. <u>**The proposed class for provisional certification**</u>

In their Third Amended Complaint, Plaintiffs seek certification of three different classes. At this time, Plaintiffs seek certification of only the Vaccine Class, which consists of all persons housed in ODOC facilities who have not yet been offered COVID-19 vaccinations. Given the urgent need for relief, Plaintiffs presently seek provisional class certification of the Vaccine Class. They will separately file a motion to certify the Damages Class.[4]

3. <u>**Prerequisites of FRCP 23(a)**</u>

As set forth in Rule 23(a), the proposed class must meet the following prerequisites:

---

[4]    As noted in the conferral section, Defendants' agreement to certification of the proposed Vaccination Class is conditioned on their ability to fully contest the future motion relating to certification of a damages class.

4 – PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATION OF PROPOSED VACCINE CLASS

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

These prerequisites ensure that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Trial courts must probe behind the pleadings to ensure that the plaintiffs have established compliance with the rule. *Id.* at 350-51 (further citations omitted).

      **a.     The proposed class is sufficiently numerous.**

According to ODOC, there were 12,989 adults in custody as of November 2020, with average monthly intakes of 331 and releases of 417 during 2020.[5] There is no fixed number on how many class members are required to meet the standard of numerosity; the general rule, however, is that a class of 40 or more suffices to meet the numerosity standard. *Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013). ODOC's data concludes this issue. The proposed class is sufficiently numerous.

      **b.     There are questions of law or fact common to the class.**

Under Rule 23(a)(2), one or more common questions of fact or law must be shared by the proposed representatives and members of the class. In *Wal-Mart v. Dukes*, the Supreme Court clarified that the commonality requirement means more than the language of the rule. 564 U.S. at 349-50. Plaintiffs must demonstrate that they suffered the same injury and, further, that a class action can generate common answers that drive resolution of the litigation. *Id.* (citations

---

[5]     https://www.oregon.gov/doc/Documents/agency-quick-facts.pdf.

omitted). Commonality is established where, as here, there is a common core of shared legal or factual issues. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

In this case, the State Defendants, including Defendants Brown and Allen, set the policies and schedules for COVID-19 vaccination. By scheduling teachers and seniors ahead of adults in custody, Defendants have created a series of common questions, including:

- Whether and to what extent the Eighth Amendment requires priority vaccination of adults in custody?
- Given limited supplies, what priority should be given to adults in custody?
- How does the COVID-19 infection rate of adults in custody impact the priority to be given?
- How does the COVID-19 death rate of adults in custody impact the priority to be given?

### c.   The claims or defenses of the representative parties are typical of the claims or defenses of the class.

Typicality requires that the claims of the representative parties be typical of those of members of the class. The commonality and typicality requirements tend to merge. *Gen. Telephone Co. v. Falcon,* 457 U.S. 147, 157 & n.13 (1982). Together, commonality and typicality ensure that the named plaintiffs' claims and the class claims are so interrelated that class members' interests will be fairly protected by the representatives. *Id.* at n.13. To ensure typicality, Plaintiffs limited the list of proposed class representatives of the Vaccine Class. Plaintiffs who received early vaccinations or who no longer are in ODOC custody only have a tangential connection to the relief sought by the Vaccine Class and, to ensure typicality, should not be appointed as representatives of the Vaccine Class. Plaintiffs who are still living and still in ODOC custody desperately need vaccination. Their claims are typical of those of the class.

  **d. The representative parties will fairly and adequately protect the interests of the class.**

   Adequacy of representation is a two-part inquiry. First, the proposed class representatives cannot have conflicts of interest with the proposed class. Second, class counsel must be adequate to the task of handing the case. *Giles*, 294 F.R.D. at 59.

   The proposed representatives of the Vaccine Class have no conflicts of interest with members of the class. All want and need prompt vaccination, and all are legally entitled to it.

   Class counsel is adequate. Lead counsel has decades of experience in class action litigation. As well, class counsel has substantial experience in civil rights litigation, including prison healthcare and conditions issues. *See* Declaration of David F. Sugerman in Support of Motion to Certify Vaccine Class.

**4. <u>A class may be maintained under FRCP 23(b)(2).</u>**

   Plaintiffs have established the prerequisites of a class action under FRCP 23(a). They must also satisfy the requirements of FRCP 23(b). The proposed Vaccine Class is governed by FRCP 23(b)(2), which permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, such that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Classes certified under Rule 23(b)(2) include classes that seek preliminary injunctive relief, as long as final injunctive relief would be appropriate. *Meyer*, 707 F.3d at 1043. In this case, Plaintiffs seek an injunction and preliminary injunctive relief to ensure that adults in custody are vaccinated promptly. The class is properly certified under FRCP 23(b)(2).

**5. <u>The parties dispute the proper class definition.</u>**

   As noted, the sole issue in dispute is the definition of the class to be certified. Plaintiffs assert that the proper class includes all adults in ODOC custody. Defendants assert that the

7 – PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATION OF PROPOSED VACCINE CLASS

proper class is limited only to medically vulnerable or elderly adults in custody. To a certain extent, this issue is bound up with the merits of the accompanying motion seeking emergency relief.

That said, Defendants' position is at odds with the established legal standards and evidence in the record. There is no dispute that COVID-19 is a serious medical condition that threatens the health of all adults in custody. While older and medically vulnerable adults may be at higher risk of death, the Eighth Amendment does not allow the distinctions that Defendants appear to draw basic medical care required by the Eighth Amendment is not rationed based upon the risk of death.

## CONCLUSION

The Court should grant the motion for class certification and provisionally certify the Vaccine Class, appoint Plaintiffs Hall and Sublet as class representatives, and appoint Plaintiffs' counsel as class counsel. Doing so will ensure that the class gets the benefit of and is bound by the Court's rulings on the requested injunctive relief.

Dated this 21st day of January, 2021.

/s/ *David F. Sugerman*
David F. Sugerman, OSB #862984
Of Attorneys for Plaintiffs

8 – PLAINTIFFS' MOTION FOR PROVISIONAL CLASS CERTIFICATION OF PROPOSED VACCINE CLASS