IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL MANEY; GARY CLIFT; GEORGE
NULPH; THERON HALL; DAVID HART;
MICAH RHODES; SHERYL LYNN
SUBLET; and FELISHIA RAMIREZ,
personal representative for the ESTATE OF
JUAN TRISTAN, individually, on behalf of a
class of other similarly situated,

                    Plaintiffs,

        v.

KATE BROWN; COLETTE PETERS;
HEIDI STEWARD; MIKE GOWER; MARK
NOOTH; ROB PERSSON; KEN JESKE;
PATRICK ALLEN; JOE BUGHER; GARRY
RUSSELL; and STATE OF OREGON,

                    Defendants.

Case No. 6:20-cv-00570-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

        Plaintiffs Paul Maney, Gary Clift, George Nulph, Theron Hall, David Hart, Micah

Rhodes, and Sheryl Lynn Sublet, adults in custody ("AIC") at four Oregon Department of

Corrections ("ODOC") institutions, and Felishia Ramirez, the personal representative for the

Estate of Juan Tristan (together, "Plaintiffs"), filed a fourth amended complaint alleging

PAGE 1 – OPINION AND ORDER

constitutional and state law violations against defendants Governor Kate Brown ("Governor Brown"), Patrick Allen, several ODOC officials, and the State of Oregon (together, "Defendants").

Before the Court is Plaintiffs' motion to provide notice and obtain release of the medical records of the decedents in Plaintiffs' proposed Wrongful Death Class (ECF No. 243). The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367. All parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636. For the reasons discussed below, the Court grants in part and denies in part Plaintiffs' motion to provide notice and obtain release of medical records.

## BACKGROUND

On April 6, 2020, Plaintiffs filed a civil rights action against Governor Brown and several ODOC officials, alleging that Defendants (1) violated the Eighth Amendment by acting with deliberate indifference to their health and safety by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines, and (2) were negligent in failing to carry out proper preventative measures. (*See* Fourth Am. Compl. ("FAC"), ECF No. 223.) Plaintiffs assert allegations on behalf of classes of similarly situated AICs, and propose three classes: (1) the "Damages Class"; (2) the "Vaccine Class"; and (3) the "Wrongful Death Class." (FAC ¶¶ 24-26.)

On May 3, 2021, Plaintiffs filed a motion to certify the Damages and Wrongful Death Classes. (ECF Nos. 203 and 223.) With respect to the latter, the proposed Wrongful Death Class consists of: "the estates of those adults incarcerated at ODOC facilities continuously since February 1, 2020, who died during the Wrongful Death Class period, and for whom COVID-19 caused or contributed to their death." (Pls.' Mot. to Provide Notice & Obtain Release of Medical

Records ("Pls.' Mot.") at 2.) To date, forty-two AICs who tested positive for COVID-19 have died.[1]

## DISCUSSION

Plaintiffs move this Court for an Order: (1) approving notice to "emergency contact person(s), known family member(s), and/or other person(s) to whom notice may be mailed for the purpose of authorizing or denying the release of medical records of the 42 individual adults in custody whom the [ODOC] previously reported suffered a COVID-19-related death since March 8, 2020, and who are decedents in Plaintiffs' proposed Wrongful Death Class" and (2) "allowing production of medical records for the 42 individual adults in custody who suffered a COVID-19-death whose emergency contact person(s), known family member(s), or other person(s) to whom notice is mailed does not timely object to such disclosure." (Pls.' Mot. at 1.)

Defendants oppose Plaintiffs' motion on the following grounds: (1) the Court does not have authority to order pre-certification notice to putative class members; (2) it is unclear whether the emergency contact person listed in ODOC's records is authorized to consent to disclosure of the decedent AICs' medical records; and (3) the decedent AICs' medical records should not be released without affirmative written consent.[2] (Defs.' Opp'n at 2.) The Court addresses each argument in turn.

///

---

[1] *See COVID-19 Status at Oregon Department of Corrections Facilities*, OREGON.GOV, https://www.oregon.gov/doc/covid19/Pages/covid19-tracking.aspx (last visited Aug. 13, 2021.)

[2] In their motion, Plaintiffs also asked the Court to require Defendants to disclose to Plaintiffs' counsel a list of names of the decedent AICs' known emergency contacts to whom notice may be mailed, and to provide Plaintiffs with an updated version of the list if additional COVID-19-related deaths occur in any ODOC facility before a Wrongful Death Class is certified. (Defs.' Opp'n at 2.) At oral argument, the parties informed the Court that Defendants have provided this information to Plaintiffs.

PAGE 3 – OPINION AND ORDER

### 1. Pre-Certification Notice

As a threshold matter, Defendants dispute whether this Court has authority to order pre-certification notice to putative class members in light of the Ninth Circuit's decision in *Pan American World Airways, Inc. v. United States District Court for the Central District of California*, 523 F.2d 1073 (9th Cir. 1975). (Defs.' Opp'n at 4.)

In *Pan American*, the Ninth Circuit held that when "[t]he admitted purpose of the notice [is] to bring the claims of unnamed members of the plaintiff class before the court," pre-certification notice is "[not] permitted by any ascertainable source of judicial authority." *Id.* at 1077. However, the Ninth Circuit recognized that, in certain circumstances, Rule 23(d) of the Federal Rules of Civil Procedure "approves discretionary notice to potential class members prior to the district court's determination whether the action should proceed as a class action." *Id.*

Rule 23(d) permits a court to issue orders on "procedural matters" to "protect class members and fairly conduct the action." FED. R. CIV. P. 23(d)(1)(B), (E). This includes entering orders "giving appropriate notice to some or all class members" of "any step in the action[.]" FED. R. CIV. P. 23(d)(1)(B), (i); *see also* FED. R. CIV. P. 23 advisory committee's note to 1966 amendment ("Notice is available fundamentally for the protection of the members of the class or otherwise for the fair conduct of the action[.]"); *id.* ("Subdivision (d)(2) does not require notice at any stage, but rather calls attention to its availability and invokes the court's discretion.").

Here, Plaintiffs bear the burden of demonstrating that certification of the proposed Wrongful Death Class is appropriate and that class members are entitled to the requested relief. *See Gessele v. Jack in the Box, Inc.*, No. 3:10-cv-960-ST, 2013 WL 1326563, at *31 (D. Or. Jan. 28, 2013) (noting that the plaintiffs "bear the burden of demonstrating that each element of [FED. R. CIV. P.] 23 is satisfied"); *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542-43 (9th Cir. 2013) ("Class certification is proper only if the [district] court has concluded, after a 'rigorous

analysis,' that [FED. R. CIV. P.] 23(a) has been satisfied."). At oral argument, Defendants acknowledged that they intend to oppose Plaintiffs' class certification motion in part on the ground that Plaintiffs cannot establish that COVID-19 caused or contributed to the forty-two decedent AICs' deaths. Thus, access to the decedent AICs' medical records to determine whether COVID-19 caused or contributed to each death is necessary for Plaintiffs to establish that class certification is appropriate here and that class members are entitled to relief. (Pls.' Mot. at 2.) Therefore, the Court exercises its discretion and authorizes Plaintiffs to send pre-certification notice for the purpose of obtaining authorization for the release of the decedent AICs' medical records.

Having determined that the Court has the authority to order pre-certification notice, and that pre-certification notice is warranted here (for the limited purpose discussed herein), the Court turns to Defendants' arguments challenging Plaintiffs' proposed notice. (Pls.' Mot. Ex. A.)

### 2.    Release of Medical Records

Plaintiffs request that the Court: (1) approve notice to the decedent AICs' emergency contact persons or known family members for the purpose of authorizing or denying the release of the decedent AICs' medical records, and (2) allow production of the AICs' medical records if the recipient of the notice does not timely object to disclosure. In response, Defendants ask the Court to require that Plaintiffs: (1) identify a single person who is qualified under Oregon law to authorize the disclosure of the medical records, and (2) obtain affirmative written authorization for any such disclosure. (Defs.' Opp'n at 3-4, 6.)

Under Oregon law, an AIC's medical records may be disclosed only if the AIC or the AIC's personal representative authorizes disclosure. OR. REV. STAT. ("O.R.S.") § 179.505(2)-(3). A "personal representative" includes "a person appointed as a guardian" or "a health care representative." O.R.S § 179.505(1)(d). Importantly, O.R.S. § 179.505(1)(d) not specify nor limit

who qualifies as a "personal representative." *Id*. (providing that a "personal representative" "includes, but is not limited to" a guardian or a health care representative).

The Court concludes that under the circumstances present here, the person(s) whom the decedent AIC listed as an emergency contact, or the decedent AIC's known family members, may authorize the release of the decedent AICs' medical records for the purpose of this litigation.[3] Although the Court is mindful of the decedent AICs' privacy rights, the medical records Plaintiffs seek are limited in scope and subject to a strict protective order. (*See* Pls.' Opp'n at 3, stating that Plaintiffs seek production of "intake physical and medical history," "kytes and medical records from September 1, 2019, through the present," and "death certificates," and that the medical records will "be subject to a protective order that allows only for attorney and expert review" and "permits discussion between Plaintiffs' counsel and the emergency contact persons or known family members about the information contained in the records").

Defendants also ask the Court to require Plaintiffs to obtain affirmative written authorization for the disclosure of the medical records, rather than authorizing disclosure if the notice recipient does not timely object. Under Oregon law, an AIC's medical records may be disclosed only if (1) the AIC or a personal representative of the AIC provides written authorization, or (2) a court orders disclosure of the medical records. *See* O.R.S. § 179.505(3) ("[I]f the individual or a personal representative of the individual provides an authorization, the content of any written [medical record] . . . must be disclosed accordingly, if the authorization is in writing and is signed and dated by the individual or the personal representative[.]"); O.R.S. §

---

[3] At oral argument, Defendants reported that nearly all of the emergency contact persons listed by the decedent AICs are family members.

179.495(1) ("Written accounts of the adults in custody of any Department of Corrections institution . . . are [] subject to disclosure . . . upon order of a court of competent jurisdiction."). Plaintiffs do not offer a compelling reason why the Court should allow the disclosure of the decedents' medical records without the affirmative written consent of the notice recipient. Thus, the Court will require Plaintiffs to obtain written authorization (signed and dated) from the decedent AIC's emergency contact, or from another known family member, prior to obtaining the decedent AIC's medical records.

## CONCLUSION

For the reasons stated, the Court GRANTS in part and DENIES in part Plaintiffs' Motion to Provide Notice and Obtain Release of Medical Records of Decedents in Plaintiffs' Proposed Wrongful Death Class (ECF No. 243). Specifically, the Court (i) authorizes Plaintiffs to send a Court-approved notice to any person(s) whom the decedent AIC listed as an emergency contact, and/or to known family members, and (ii) authorizes and orders the disclosure of the requested medical records to Plaintiffs' counsel upon production of the written authorizations discussed herein.

The Court directs Plaintiffs to amend their Proposed Notice Regarding Wrongful Death Class Medical Records (Pls.' Mot. Ex. A) consistent with this Order, confer with counsel for Defendants regarding the amended Proposed Notice, and submit the amended Proposed Notice to the Court for final approval.

DATED this 13th day of August, 2021.

_Stacie F. Beckerman_

HON. STACIE F. BECKERMAN
United States Magistrate Judge