**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
**Kerry J. Shepherd, OSB #944343**
KerryShepherd@MarkowitzHerbold.com
**Molly K. Honoré, OSB #125250**
MollyHonore@MarkowitzHerbold.com
**Jermaine F. Brown, OSB #073415**
JermaineBrown@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
Fax: (503) 323-9105

Special Assistant Attorneys General for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PAUL MANEY; GARY CLIFT; GEORGE NULPH, THERON HALL; DAVID HART; SHEYL LYNN SUBLET; and FELISHIA RAMIREZ, personal representative for the ESTATE OF JUAN TRISTAN, *individually, on behalf of a class of other similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>STATE OF OREGON; KATE BROWN, COLETTE PETERS; HEIDI STEWARD; MIKE GOWER; MARK NOOTH; ROB PERSSON; KEN JESKE; PATRICK ALLEN; JOE BUGHER; and GARRY RUSSELL,<br><br>Defendants. | Case No. 6:20-cv-00570-SB<br><br>**SECOND DECLARATION OF KEVIN E. CAHILL, PHD, IN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY AS CLASS ACTION** |

1 - DECLARATION OF KEVIN E. CAHILL, PH.D.

I, Kevin E. Cahill, PhD, declare:

1. I am a partner and project director at ECONorthwest, a public policy and economics consulting firm based in Portland, Oregon, and a faculty affiliate at the Center on Aging & Work at Boston College. For more than two decades, I have published on a variety of topics related to applied microeconomics and have presented my research at academic conferences nationwide. I am also experienced in commercial litigation and antitrust matters, labor economics, and public policy and have testified numerous times in deposition and at trial. I earned my BA in mathematics and economics (with honors) from Rutgers College and MA and PhD in economics from Boston College.

2. The following statements are true and correct and, if called upon, I could competently testify to the facts averred herein.

3. Counsel for the defendants in this matter requested that I draw a random sample of adults in custody (AICs) in Oregon from each Oregon Department of Corrections ("ODOC") facility.[1] [2] To conduct this random draw, counsel provided me with a dataset that contained

---

[1] Sixth Amended Class Action Complaint, Paul Maney; Gary Clift; George Nulph; Theron Hall; David Hart; Sheryl Lynn Sublet; and Felishia Ramirez, personal representative for the estate of Juan Tristan, individually, on behalf of a class of other similarly situated, ("plaintiffs") vs. State of Oregon; Kate Brown, Colette Peters; Heidi Steward; Mike Gower; Mark Nooth; Rob Persson; Ken Jeske; Patrick Allen; Joe Bugher; and Garry Russell, ("defendants"), United States District Court, District of Oregon, Eugene Division Case No. 6:20-cv-00570-SB, November 2, 2021. ("Complaint").

[2] When I refer to AICs in Oregon, I am referring to AICs in ODOC facilities in Oregon. ODOC facilities consist of: Columbia River Correctional Institution ("CRCI"), Two Rivers Correctional Institution ("TRCI"), Coffee Creek Correctional Facility ("CCCF"), Coffee Creek Intake Center ("CCIC"), Deer Ridge Correctional Institution ("DRCI"), Eastern Oregon Correctional Institution ("EOCI"), Oregon State Correctional Institution ("OSCI"), Powder River Correctional Facility ("PRCF"), Santiam Correctional Institution (SCI), Warner Creek Correctional Facility ("WCCF"), Oregon State Penitentiary ("OSP"), Mill Creek Correctional Facility ("MCCF"), Shutter Creek Correctional Institution ("SCCI"), South Fork Forest Camp ("SFFC"), and Snake River Correctional Institution ("SRCI").

2 – SECOND DECLARATION OF KEVIN E. CAHILL, PH.D.

identification numbers for 1,173 AICs from 14 ODOC facilities, with the number of AICs in each facility ranging from 11 (MCCF and WCCF) to 227 (TRCI).[3]

4.  The decision rule I used for selecting AICs was based on the number of AICs in the proposed class at each facility. For facilities with more than 100 AICs in the proposed class, the rule was to select a random sample of five percent (5%) of the AICs in the proposed class in that facility. For facilities with less than 100 AICs in the proposed class, the rule was to select five (5) AICs to maintain a minimum of five (5) AICs from each facility. Counsel identified the number of AICs to be randomly drawn from each facility, and I validated the counts with an ODOC dataset provided to me by counsel.[4]

5.  To select identification numbers randomly, I assigned each AIC one random number between zero and one. I then sorted AICs by facility, and ranked AICs in each facility by that one random number. Next, by facility, I took the highest ranked AICs—in terms of the random number—that met the required sample size count for that facility.

6.  Lastly, I created a list of the randomly-selected AIC identification numbers, sorted by location and rank (again, according to the one random number) and sent this list to counsel for the defendants.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 9th day of December 2021.

Kevin E. Cahill, PhD

---

[3] "File Sampling.xlsx."

[4] The number of AICs in the proposed class at each facility was determined using the following Excel file: "maney_v_brown_data_09172021.xlsx."

3 – SECOND DECLARATION OF KEVIN E. CAHILL, PH.D.