**Kerry J. Shepherd, OSB #944343**
KerryShepherd@MarkowitzHerbold.com
**Molly K. Honoré, OSB #125250**
MollyHonore@MarkowitzHerbold.com
**Jermaine F. Brown, OSB #073415**
JermaineBrown@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
Fax: (503) 323-9105

    Special Assistant Attorneys General for Defendants
    Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PAUL MANEY; GARY CLIFT; GEORGE NULPH; THERON HALL; DAVID HART; SHERYL LYNN SUBLET; and FELISHA RAMIREZ, personal representative for the ESTATE OF JUAN TRISTAN, *individually, on behalf of a class of other similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF OREGON; KATE BROWN; COLETTE PETERS; HEIDI STEWARD; MIKE GOWER; MARK NOOTH; ROB PERSSON; KEN JESKE; PATRICK ALLEN; JOE BUGHER; and GARRY RUSSELL, <br><br> Defendants. | Case No. 6:20-cv-00570-SB <br><br> **DEFENDANTS' MOTION FOR A STAY PENDING DISPOSITION OF PETITION FOR WRIT OF MANDAMUS** <br><br> **ORAL ARGUMENT REQUESTED** |

## CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 7-1, the parties made a good faith effort through telephone conference to resolve the disputes that are the subject of this motion.  Plaintiffs oppose the motion but do not intend to file a response in opposition.

## MOTION

Defendants respectfully request that the Court enter an Order staying this Court's June 7, 2023 Opinion and Order allowing the deposition of Governor Brown (Op. and Order (Dkt. 464) ("Order")) pending the resolution of defendants' forthcoming petition for a writ of mandamus to the United States Court of Appeals for Ninth Circuit.

## INTRODUCTION

On June 7, 2023, this Court issued an Order granting plaintiffs' motion to compel the deposition of former Governor Kate Brown, and denying defendants' motion for protective order to bar that deposition.  (*See* Order at 2.)  Defendants intend to file, no later than July 6, 2023, a petition for a writ of mandamus from the Ninth Circuit directing the Court to reverse that Order. Due to the unprecedented nature of the Order and the sensitive separation-of-powers principles at stake, defendants respectfully request that the Court stay the Order pending resolution of the forthcoming mandamus petition.

## ARGUMENT

### I.    Legal Standard

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  To that end, a district court may stay an order pending resolution of appellate proceedings.  *See* Fed. R. App. P. 8.

In determining whether to stay an order, district courts consider four factors:  (1) the applicant's likelihood of success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see generally In re Dep't of Com.*, 139 S. Ct. 16 (2018) (staying deposition of the Secretary of Commerce pending disposition of petition for a writ of mandamus).

Courts evaluate these factors on a "sliding scale," such that "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964-66 (9th Cir. 2011) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.2011)).  As such, a party seeking a stay pending appeal "need not demonstrate that it is more likely than not that it will win on the merits." *Id.* at 966.  Instead, a party may establish that a stay is warranted by demonstrating that irreparable harm is "probable" absent a stay and *either*:

(a)  a "strong likelihood of success on the merits" and that the public interest "does not weigh heavily against a stay"; or

(b)  a "substantial case on the merits" and that the balance of hardships "tips sharply in the petitioner's favor."

*Id.* at 970.

For the reasons explained below, those factors support staying the Order pending disposition of defendants' forthcoming petition for a writ of mandamus.  Defendants believe that there is a strong likelihood of success in obtaining such a petition.  At a minimum, given the unprecedented nature of the Court's Order and the attendant separation-of-powers principles at stake, as well as the minimal prejudice to plaintiffs from a stay, the issue presents a substantial case on the merits with the balance of hardships tipping sharply in favor of a stay.  Indeed, the district court that ordered the executive deposition at issue in *In re U.S. Department of*

*Education*, 25 F.4th 692 (9th Cir. 2022), stayed its order pending the resolution of any

mandamus petition, undoubtedly for those exact reasons.  *In re DeVos*, 540 F. Supp. 3d 912, 920

(N.D. Cal. 2021).  This Court should similarly stay its Order here.

## II.    Defendants have a strong likelihood of success on a petition for a writ of mandamus, and the public interest does not weigh heavily against a stay.

As an initial matter, a stay is warranted because defendants have a strong likelihood of

prevailing on their petition given the substantial existing precedent for issuing mandamus to bar

the deposition of high-ranking executive-branch officials.  In addition, the public interest does

not weigh heavily against a stay here.

Under the deposition privilege, a high-ranking government official, such as a state

governor, cannot be deposed absent "extraordinary circumstances."  *See United States v.*

*Morgan*, 313 U.S. 409 (1941); *Kyle Eng'g v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979) ("Heads

of government agencies are not normally subject to deposition.").  Where district courts have

ordered the deposition of a high-ranking official absent extraordinary circumstances, federal

courts of appeals – including the Ninth Circuit – have uniformly exercised their mandamus

jurisdiction to reverse such orders.  *In re U.S. Dep't of Educ.*, 25 F.4th at 706; *In re Office of the*

*Utah Attorney General*, 56 F.4th 1254 (10th Cir. 2022); *In re Clinton*, 973 F.3d 106, 109 (D.C.

Cir. 2020), *cert. denied sub nom. Jud. Watch, Inc. v. Clinton*,  141 S. Ct. 1740, (2021); *In re*

*United States*, 624 F.3d 1368, 1377 (11th Cir. 2010); *In re United States*, 197 F.3d 310, 316

(8th Cir. 1999); *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995); *In re United States*, 985 F.2d

510, 512–13 (11th Cir. 1993); *see also In re McCarthy*, 636 F. App'x 142, 142 (4th Cir. 2015);

*In re United States*, 542 F. App'x 944, 947 (Fed. Cir. 2013).

As the Court is aware, the Ninth Circuit recently announced the legal standard for

determining whether exceptional circumstances exist to order the deposition of a high-ranking

executive official. *In re U.S. Dep't of Educ.*, 25 F.4th 692. The party seeking such a deposition

must "demonstrate: (1) a showing of agency bad faith; (2) the information sought from the

[official] is essential to the case; and (3) the information sought from the [official] cannot be

obtained in any other way." *Id.* at 702. In that case, the Ninth Circuit issued a writ of mandamus

quashing a deposition subpoena to a former U.S. Secretary of Education, holding that two of the

three necessary factors were absent there. *Id.* at 703–05.

For the reasons explained in defendants' motion for a protective order and response to

plaintiffs' motion to compel the deposition, Dkt. No. 446, defendants believe that the Ninth

Circuit will reach the same result with respect to plaintiffs' attempt to depose Oregon's former

governor. Notably, neither the Ninth Circuit, nor any district court within the Ninth Circuit, has

ever previously found extraordinary circumstances to justify the compelled deposition of a state

governor. (*See* Order at 9-10 (collecting cases allowing and precluding the depositions of state

governors).) Although this Court ultimately disagreed with defendants' position, it is undisputed

that plaintiffs' request—and this Court's concomitant Order—are unprecedented in this Circuit.

In addition, the public interest does not weigh heavily against a stay. Plaintiffs will not

be harmed if the Order is stayed pending disposition of defendants' mandamus petition; should

they prevail on appeal, they will be able to depose Governor Brown just as they would now.

Further, staying the Order pending disposition of defendants' mandamus petition will not harm

the public interest. To the contrary, a stay would further the public interest by safeguarding

separation-of-powers principles. As explained by the Ninth Circuit, ordered depositions of

high-ranking executive officials implicate "serious repercussions for the relationship between

two coequal branches of government." *In re U.S. Dep't of Educ.*, 25 F.4th at 705. In granting

mandamus to bar the deposition of a state attorney general, the Tenth Circuit similarly explained

that "our system not only separates power among branches of the federal government, but also between the state and federal governments." *In re Office of the Utah Attorney General*, 56 F.4th at 1262 (10th Cir. 2022). Staying the Order would allow the Ninth Circuit the opportunity to clarify the proper application of the deposition privilege in this and similar future cases before a federal court orders the deposition of a state's governor.

### III.    The Court's Order presents a substantial case on the merits, and the balance of hardships tips sharply in favor of a stay.

A stay of the Order also is warranted because the unprecedented nature of the Order presents a substantial case on the merits, and the balance of hardships weighs inexorably in favor of a stay pending a possible grant of mandamus by the Ninth Circuit. Undoubtedly for that reason, as noted above, the district court that ordered the deposition at issue in *In re U.S. Department of Education* stayed its order pending the possible disposition of a mandamus petition to the Ninth Circuit. This Court should similarly do so here.

First, in ordering the deposition, this Court already recognized the difficult, unsettled, and unprecedented nature of plaintiffs' request. (*See* Order at 9-10 (collecting cases allowing and precluding the depositions of state governors).) In short, neither the Ninth Circuit nor any district court in the Ninth Circuit has ever previously ordered the deposition of a state governor—period—much less under facts or circumstances that bear any resemblance to this case. Such an unsettled and far-reaching issue was similarly at stake when the Court denied defendants' motion to dismiss plaintiffs' vaccine prioritization claim under the federal PREP Act. (Op. an Order (Dkt. 350) at 12.) There, the Court stayed discovery on the claim pending the Ninth Circuit's disposition of a possible interlocutory appeal. (Order (Dkt. 379).) The same logic applies with equal force to the Court's ordered deposition of Oregon's former Governor, which threatens "serious repercussions for the relationship between two coequal branches of

government." *In re U.S. Dep't of Educ.*, 25 F.4th at 705; *see also In re Office of the Utah Attorney General*, 56 F.4th at 1262 (applying the principle "between the state and federal governments").

Moreover, the balance of hardships tips sharply in favor of a stay. As noted above, any prejudice to plaintiffs from a stay would be minimal, as plaintiffs could depose the former Governor as currently ordered if the Ninth Circuit ultimately disposes of the mandamus petition in their favor. By contrast, absent a stay, the injuries to separation-of-powers principles and to the former Governor would be irreparable. With the ordered deposition of a high-ranking executive official, the harm "is the intrusion of the deposition itself"; as a result, "the harm is not correctable on appeal, even if [the] testimony is excluded at trial." *In re U.S. Dept. of Educ.*, 25 F.4th at 705. Such a deposition here directly implicates separation-of-powers principles, under which courts should not "second-guess policy decisions properly delegated to the executive branch by the legislative branch." *Id.* at 699. An ordered deposition also forces an official "to spend their personal time and resources preparing for and sitting for [the] deposition[]," which "could hamper and distract officials from their duties while in office"; whether the official is in or out of office, the threat of such a deposition "could also discourage them from taking that office in the first place or leaving office when there is controversy." *Id.* at 705.

In sum, the Court's Order presents a novel question of law in the Ninth Circuit that directly implicates—and potentially undermines—the separation of powers between branches of government. The ordered deposition of a state governor also raises a "particular value of high order" in our system of government, namely, "preserving the efficiency of government and the initiative of its officials," as well as "respecting a State's dignitary interests." *Will v. Hallock*,

546 U.S. 345, 352 (2006) (discussing factors that warrant immediate appeal).  The Court thus

should stay its Order until the Ninth Circuit resolves the impending mandamus petition on it.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court enter an order

staying Governor Brown's deposition pending the resolution of defendants' forthcoming petition

for a writ of mandamus.

DATED this 23rd day of June, 2023.


ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Molly K. Honoré*
       Kerry J. Shepherd, OSB #944343
       KerryShepherd@MarkowitzHerbold.com
       Molly K. Honoré, OSB #125250
       MollyHonore@MarkowitzHerbold.com
       Jermaine F. Brown, OSB #073415
       JermaineBrown@MarkowitzHerbold.com
       *Special Assistant Attorneys General for the*
       *State Defendants*

       R. Kyle Busse, OSB #070994
       KyleBusse@MarkowitzHerbold.com
       Chad A. Naso, OSB #150310
       ChadNaso@MarkowitzHerbold.com
       *Of Attorneys for the State Defendants*

       Tracy Ickes White, OSB #904127
       Tracy.I.White@doj.state.or.us
       DEPARTMENT OF JUSTICE
       1162 Court Street NE
       Salem, OR  97301-4096
       Telephone:  (503) 947-4700
       Fax:  (503) 947-4791
       *Attorneys for the State Defendants*

20007425v4