**Kerry J. Shepherd, OSB #944343**
KerryShepherd@MarkowitzHerbold.com
**Molly K. Honoré, OSB #125250**
MollyHonore@MarkowitzHerbold.com
**Jermaine F. Brown, OSB #073415**
JermaineBrown@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
Fax: (503) 323-9105

    Special Assistant Attorneys General for Defendants
    Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PAUL MANEY; GARY CLIFT; GEORGE NULPH; THERON HALL; DAVID HART; SHERYL LYNN SUBLET; and FELISHA RAMIREZ, personal representative for the ESTATE OF JUAN TRISTAN, individually, on behalf of a class of other similarly situated,<br><br>                      Plaintiffs,<br><br>    v.<br><br>STATE OF OREGON; KATE BROWN; COLETTE PETERS; HEIDI STEWARD; MIKE GOWER; MARK NOOTH; ROB PERSSON; KEN JESKE; PATRICK ALLEN; JOE BUGHER; and GARRY RUSSELL,<br><br>                      Defendants. | Case No. 6:20-cv-00570-SB<br><br>**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**<br><br>Pursuant to Fed. R. Civ. P. 56<br><br>Request for Oral Argument |

**LR 7-1(A) CERTIFICATION**

As required by Local Rule 7-1, the parties made a good faith effort through personal or

telephone conferences to resolve this dispositive motion and have been unable to do so.

**Page 1 -  DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**

## INTRODUCTION

Plaintiffs' claims are governed by two different prison litigation statutes: the Prison Litigation Reform Act ("PLRA") and an Adult in Custody ("AIC") damages statute. Those two statutes impact the plaintiffs' claim for damages in two important respects. First, the PLRA bars two of the named plaintiffs' claims for mental/emotional injury because they have no evidence of "physical injury" as required by the PLRA. Second, the AIC damages statute bars all named plaintiffs' state-law negligence and wrongful death claims because they have no evidence that they suffered "economic damages."

Furthermore, the Court should narrow its class certification order to exclude state-law claims. Discovery is closed and no plaintiff could establish a necessary element of their state-law claims—economic damages. Accordingly, the named plaintiffs are inadequate class representatives on those claims and their own experience demonstrates that individual issues regarding economic damages are likely to predominate over other liability issues.

## MOTIONS

Defendants move for partial summary judgment under Federal Rule of Civil Procedure 56 and modification of the class certification order under Rule 23(c)(1)(c). The Court should grant summary judgment in defendants' favor on certain named plaintiffs' claims for mental or emotional injury and on all named plaintiffs' state-law claims, and the Court should modify its class certification order to remove the state-law claims. The Court should grant this motion for the following reasons:

1. The claims for mental and emotional injury by named plaintiffs Paul Maney and George Nulph are insufficient as a matter of law because neither of them has evidence that they suffered a "physical injury" as required by the PLRA, 42 U.S.C. § 1997e. Relatedly, George Nulph's claims are insufficient in their entirety because Mr. Nulph's flu-like symptoms occurred prior to the pandemic and before the class period.

      2.      The state-law negligence and wrongful death claims by each of the named plaintiffs—Maney, Clift, Nulph, Hall, Hart, Sublet, and the Estate of Juan Tristan—are insufficient because those plaintiffs have no evidence that they suffered "economic harm" as required by ORS 30.650.

      3.      Because no named plaintiff was able to demonstrate an essential element of their state-law claims, the Court should modify the class certification order to remove those claims.

## ARGUMENT

**I.    Legal Standard.**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States,* 636 F.3d 1207, 1216 (9th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). The trial court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56 permits a party to move for partial summary judgment on "part of" a claim or defense. Fed. R. Civ. P. 56(a); *see also Circle K. Stores, Inc. v. Zillman*, 827 F.Supp.2d 1251, 1256 (D. Or. 2011) (noting that the standard for partial summary judgment is the same as the standard for summary judgment).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). On issues where the nonmoving party bears the burden of proof at trial, the moving party can carry its burden by pointing out that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. That shifts the burden to the nonmoving party. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one. . . . The nonmoving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *Id*. If the nonmoving

Page 3 -    **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**

party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to a judgment as a matter of law." *Celotex,* 477 U.S. at 323-24.

Under Rule 23(c)(1)(C), the Court may alter or amend its class certification order any time before trial. Where discovery reveals that certain claims no longer meet the requirements of a class action, the Court should alter its class certification order. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 948 (9th Cir. 2011) (affirming decertification of class action).

**II.     Motion 1: The Court should grant partial summary judgment against the claims for mental or emotional injury by named plaintiffs Maney and Nulph.**

Defendants' first motion asks the Court to enter partial summary judgment against claims for mental or emotional injury (*e.g.*, pain and suffering) as to two of the named plaintiffs—Paul Maney and George Nulph. To the extent they contracted Covid-19 while incarcerated, the evidence shows that these plaintiffs experienced only mild cold or flu-like symptoms, which do not qualify as the kind of "physical injury" that is required for recovery of mental or emotional injury under the PLRA. The PLRA's policies and physical injury requirement are set out below, followed by evidence regarding the symptoms experienced by these two plaintiffs.

**A.     Congress passed the PLRA to reduce AIC litigation by requiring AICs to prove they suffered a more than *de minimis* physical injury before they can recover damages for mental or emotional injury.**

In enacting the PLRA, Congress intended to "reduce the quantity and improve the quality of prisoner suits." *Woodford v. Ngo*, 548 U.S. 81, 94 (2006). To pursue a claim for emotional or mental distress in federal court, the PLRA requires an AICs to first establish that they suffered a "physical injury." *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002). "[I]f Congress had meant that 'any' physical injury was sufficient to permit a prisoner's mental and emotional injury claim, it could have said as much." *Id.* at 627. The Ninth Circuit has concluded that for all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that "need not be significant but must be more than *de minimis*." *Id.* (adopting same standard as Second, Fifth, and Eleventh Circuits).

Defendants therefore move for summary judgment against the claims of Mr. Maney and Mr. Nulph that are based on mental or emotional distress allegedly suffered as a result of

**Page 4 -     DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**

contracting Covid-19 while incarcerated because they cannot show that contracting Covid-19 caused them to suffer a "more than *de minimis*" physical injury. As explained below, asymptomatic Covid-19 cases do not result in a "physical injury" as required by section 1997e(e), nor do Covid-19 cases that result in merely cold or flu-like symptoms.

> **1.  Asymptomatic Covid-19 cases do not result in physical injuries for purposes of the PLRA.**

District courts uniformly hold that asymptomatic Covid-19 cases do not satisfy the physical injury requirement of section 1997e(e). *See, e.g., Bratton v. Broomfield*, No. 20-CV-03885 BLF, 2023 WL 4748838, at *3 (N.D. Cal. July 25, 2023) ("Plaintiff contends that he tested positive for Covid-19 but makes no allegation that he suffered any symptoms or other physical injury, even temporarily."); *Ramos v. California Dep't of Corr.*, No. 2:22-CV-0004 DB P, 2022 WL 4292379, at *3 (E.D. Cal. Sept. 16, 2022) ("[T]o the extent plaintiff describes himself as asymptomatic, there is no indication he suffered actionable harm in the form of a physical injury as a result of the housing placement."); *Wilturner v. Richardson*, CV H-21-0413, 2022 WL 17835511 at *5 (S.D. Tex. Dec. 21, 2022) ("[M]edical records from the time he spent in quarantine reflect that he was asymptomatic. There is no evidence showing that he suffered any physical injury[.]"); *Westley v. Harris*, 4:21-CV-1672, 2023 WL 1070268 at *6 (N.D. Ohio Jan 27, 2023) (conjecture that plaintiff AIC may have contracted asymptomatic case of COVID failed to satisfy physical injury requirement of section 1997e(e)).

As discussed below, Mr. Maney and Mr. Nulph were asymptomatic or had mild symptoms throughout their experiences with Covid-19, and because they do not have a physical injury, the PLRA bars their claims for emotional or mental distress. (Although this motion concerns only named plaintiffs, the same will be true of any AIC who is a member of the damages class.)

> **2.  Cold and flu-like symptoms do not qualify as "physical injuries" that satisfy the PLRA.**

Cold and flu-like symptoms are commonly associated with Covid-19. (Declaration of Anit K. Jindal in Supp. of Defs.' Motion for Partial Summ. J. Regarding Damages and Class

Page 5 -   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
           REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW
           CLAIMS

Certification of State-Law Claims ("Jindal Decl.") Ex. 1, 10/26/2020 Supp. Dewsnup Decl., Dkt. 144, ¶¶ 7-8 ("The symptoms of Covid-19 include cough, fever, and shortness of breath . . . Most people infected with the Covid-19 virus will experience either no symptoms or mild to moderate respiratory illness and recover without requiring special treatment.").)  Courts addressing the issue have concluded that cold and flu-like symptoms are *de minimis* injuries that do not satisfy the "physical injury" requirement of the PLRA.  Courts that have reached that conclusion under the PLRA include the following:

- *Quinlan v. Personal Trans. Servs. Co.*, 329 Fed. Appx. 246, 249 (11th Cir. 2009) (plaintiff's complaints of headaches, difficulty breathing, temporary chest pain, and lingering back pain were not greater than *de minimis* and, therefore, did not provide the necessary physical injury to recover for mental and emotional injuries);

- *Johnson v. Runnels*, No. 2:04-cv-776, 2013 WL 3940884 at *13 (E.D. Cal. July 30, 2013) (flu symptoms including coughing, sneezing, severe headaches, body aches, and throat pain not more than *de minimis* injuries);

- *Bryant v. Lafourche Parish Det. Ctr.*, No 09-7345, 2010 WL 1978789 at *5 (E.D. La. Apr. 23, 2010) (finding flu-like symptoms were *de minimis* injuries and summarizing cases finding same);

- *Ervin v. Hill*, No. 3-05-CV-1651-K, 2005 WL 3742791 at *3 (N.D. Tex. Nov. 10, 2005) (cold and flu-like symptoms do not constitute more than *de minimis* physical injury);

- *White v. Simpson*, No. 3-04-cv-728, 2004 WL 2049306 at *3 (N.D. Tex. Sept. 13, 2004) (suffering flu-like symptoms insufficient to state more than *de minimis* physical injury);

- *Davis v. Cnty. of Jackson, Mississippi*, No. 1:16-CV-80-HSO-JCG, 2017 WL 9512446, at *3 (S.D. Miss. Dec. 13, 2017), report and recommendation adopted as modified, No. 1:16CV80-HSO-JCG, 2018 WL 395726 (S.D. Miss. Jan. 12, 2018) ("cold" and "flu" symptoms were a *de minimis* physical injury);

  - *Ballew v. Knox Cnty.*, No. 3:20-CV-490-RLJ-HBG, 2021 WL 3276371, at *2 (E.D. Tenn. July 30, 2021) ("[C]ourts have routinely found that illnesses such as the flu are not greater than *de minimis* injuries.");

  - *Barrera-Avila v. Watts*, No. 2:16-CV-141, 2017 WL 933123, at *7 (S.D. Ga. Mar. 8, 2017), report and recommendation adopted, No. 2:16-CV-141, 2017 WL 1240763 (S.D. Ga. Mar. 31, 2017) (holding that flu symptoms,

Page 6 -    DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
            REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW
            CLAIMS

headaches, body aches, fatigue, weight loss, sleep loss, and sinus issues were *de minimis*).

Covid-19—like the flu—has been evolving and it has presented new strains on a regular basis. Courts need to apply a consistent approach to these cases. The cases described above conclude that normal cold and flu-like symptoms, even though unpleasant, are *de minimis* injuries that are not severe enough to qualify as "physical injuries" for purposes of a PLRA claim.[1] When that law is applied consistently, asymptomatic Covid-19 cases, as well as Covid-19 cases in which a person suffers only cold and flu-like symptoms, do not cause "physical injuries" under the PLRA.

### B.    The named plaintiffs who are the subject of this motion experienced only *de minimis* injuries, if any.

Mr. Maney and Mr. Nulph experienced no or minor symptoms associated with Covid-19. Accordingly, they did not suffer a "physical injury" within the meaning of the PLRA.

#### 1.    Paul Maney.

Paul Maney, a 66-year-old male incarcerated at OSCI, tested negative for Covid-19 on October 1, 2020; October 11, 2020; October 22, 2020; and October 29, 2020. On December 24, 2020, he was tested for Covid-19 and was found to be positive the next day. (Jindal Decl. Ex. 2, Excerpt of 7/31/2023 Lubelczyk Report ¶ 12.) When he tested positive, Mr. Maney said that he did not feel ill. (*Id.* ¶ 12.) Mr. Maney testified that he had been suffering a headache for two days and a cough for a little bit longer but could not recount for how long. He stated that he had not sought medical attention for these symptoms as he was told they were likely due to the flu shot he received on October 20, 2020. The medical records show that Mr. Maney denied symptoms commonly associated with acute Covid-19 infection. (*Id.* ¶ 12.)

After reviewing Mr. Maney's medical records and testimony, Dr. Lubelczyk concluded that "Mr. Maney had no documented complaints of cough, shortness of breath, fever, chills, loss

---

[1] By contrast, one district held that a Covid-19 infection that went beyond normal cold and flu symptoms did constitute a physical injury within the meaning of the PLRA. *See Jones v. Pollard*, No. 21-CV-162-MMA (RBM), 2022 WL 706926, at *10 (S.D. Cal. Mar. 9, 2022) (holding that "chest pains" and "racing heartbeats necessitating medication" was a greater than *de minimis* physical injury).

**Page 7 -    DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**

of appetite, fatigue or other symptoms consistent with active Covid-19 infection." (Jindal Decl. Ex. 2 ¶ 14.) She also concluded that Mr. Maney "did not develop long-COVID symptoms as documentation from subsequent health encounters do not document such." (*Id.* ¶ 14.)

To the extent Mr. Maney experienced any symptoms caused by Covid-19, they were consistent with typical cold and flu symptoms, at most. Indeed, plaintiffs' own expert describes Mr. Maney as "relatively symptom free," experiencing only a "cough and headache" in the days prior to his positive test. (Jindal Decl. Ex. 3, Excerpt of 9/29/23 Venters Rebuttal Report at 2-3.) Thus, the Court should conclude that Mr. Maney did not suffer a "physical injury" as that term is used in the PLRA.

### 2. George Nulph.

George Nulph is a 71-year-old male who is incarcerated at OSCI. Mr. Nulph neither exhibited nor complained of any symptoms or physical signs of Covid-19 throughout the pandemic. He tested negative for Covid-19 on January 26, 2021, and May 6, 2021. (*Id.* ¶ 16.)

Mr. Nulph testified that in late January and early February 2020, before the class period, he experienced fever, headaches, shortness of breath, difficulty breathing, runny nose, sniffling and sneezing that lasted for four weeks. (*Id.* ¶ 15.) Mr. Nulph's flu-like illness predates the class period and the first documented case of Covid-19 in Oregon. Accordingly, after reviewing Mr. Nulph's medical records and testimony, Dr. Lubelczyk concluded that Mr. Nulph "had no documented complaints of cough, shortness of breath, fever, chills, loss of appetite, fatigue or other symptoms consistent with active Covid-19 infection." (*Id.* ¶ 18.) She also concluded that "Mr. Nulph neither exhibited nor complained of any symptoms or physical signs of COVID-19 throughout the pandemic." (*Id.* ¶ 16.)

Thus, Mr. Nulph—like Mr. Maney —did not suffer physical injuries, as required by the PLRA, that would support a claim for non-economic damages like pain and suffering. The Court should enter partial summary judgment against each of these two named plaintiffs' claims for non-economic damages on all of their claims.[2] Separately, for Mr. Nulph, the Court should enter

---

[2] The PLRA's limitations apply to the "federal civil action" and thus limit recovery on all claims, not just federal claims. *See Brennan v. Aston*, No. 17-1928-JCC-MLP, 2020 WL

**Page 8 -   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
                    REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW
                    CLAIMS**

summary judgment on his claims in their entirety because Mr. Nulph only reported flu symptoms in late January and early February, prior to the pandemic and before the class period.

### III. Motion 2:  The Court should grant partial summary judgment against each of the named plaintiffs' state law negligence claims.

The Court should also enter summary judgment on the named plaintiffs' state-law claims. The named plaintiffs have no evidence of economic damages; therefore, under ORS 30.650, they cannot recover non-economic damages either.

#### A. Under ORS 30.650, an AIC may not recover any damages on state-law claims unless they can prove that they have suffered economic damages.

The Court should enter summary judgment on the named plaintiffs' state-law claims because they cannot establish that they suffered economic damages as a result of contracting Covid-19.  ORS 30.650 provides that noneconomic damages "may not be awarded to an adult in custody in an action against a public body unless the adult in custody has established that the adult in custody suffered economic damages."  As the Court of Appeals has explained, "ORS 30.650 renders economic damages an essential component of [a plaintiff's] claim." *Alexander v. State*, 283 Or. App. 582, 589 (2017).  If an AIC fails to establish economic damages, he cannot recover any damages and summary judgment is appropriate.  *See id.* at 589 (affirming summary judgment where plaintiff failed to establish economic damages).

Economic damages are defined by ORS 31.705(2)(a) and include such items as charges incurred for medical and other health care services.  Because ODOC provided plaintiffs' medical care, including Covid-19 treatment, they did not suffer economic damages related to their medical care.  In *Waddell v. James*, the court invoked ORS 30.650 and dismissed an AIC's claims for both economic and non-economic damages.  04-951-KI, 2005 WL 2454167 at *4 (D.

---

4808657, at *26 (W.D. Wash. June 8, 2020), report and recommendation adopted, No. C17-1928-JCC, 2020 WL 4785458 (W.D. Wash. Aug. 18, 2020) (dismissing state law claims under PLRA); *Hines v. Oklahoma*, CIV-07-197-R 2007 U.S. Dist. 2007 WL 3046458, at *16-17 (W.D. Okla. Oct. 17, 2007) (same); *Schonarth v. Robinson*, No. CIV. 06-CV-151-JM, 2008 WL 510193, at *4 (D.N.H. Feb. 22, 2008) (same); *Jacobs v. Pennsylvania Dep't of Correctons*, No. 04-1366, 2011 WL 2295095, at *23 (W.D. Pa. June 7, 2011) (same); *Weeks v. Grady*, No. 118CV01373SDGJKL, 2020 WL 6336186, at *5 (N.D. Ga. Oct. 29, 2020), modified on reconsideration, No. 118CV01373SDGJKL, 2021 WL 5564252 (N.D. Ga. Nov. 29, 2021).

**Page 9 -   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**

Or. Oct. 3, 2005). The plaintiff AIC in *Waddell* was injured and pepper-sprayed during a scuffle with guards. *Id.* at *3. The AIC sued the guards and Multnomah County for assault and battery under state law. *Id.* The defendants argued that the AIC had not suffered economic damages, and under ORS 30.650, could not recover non-economic damages either. The court agreed, finding that the AIC had suffered no economic damages because the jail provided his medical care. *Id.* at *4.

The same reasoning applies here. As shown below, none of the named plaintiffs have economic damages, so under ORS 30.650 they cannot recover non-economic damages either.

### B. Each of the named plaintiffs have admitted that they have not suffered any economic damages.

The facts on this issue are simple and undisputed. For purposes of establishing that the limitation on damages in ORS 30.650 applies here, each of the named plaintiffs admitted that they have not suffered any economic damages as defined by ORS 31.705.

> **REQUEST FOR ADMISSION NO. 1:** Admit that, in this Lawsuit, plaintiffs Maney, Clift, Nulph, Hall, Hart, Sublet, and the Estate of Juan Tristan do not allege, assert, or otherwise claim that they suffered economic damages, as defined in ORS 31.705.
>
> **RESPONSE:** Plaintiffs object to this Request to the extent it requests information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Plaintiffs Maney, Clift, Nulph, Hall, Hart, Sublet, and the Estate of Juan Tristan admit. To the extent that discovery is still ongoing, Plaintiffs Maney, Clift, Nulph, Hall, Hart, Sublet, and the Estate of Juan Tristan reserve the right to supplement this Request.

(Jindal Decl. Ex. 4, Excerpt of 4/21/2023 Pls.' Resps. and Objs. to Defs.' Am. First Reqs. for Admis. at 2-3.)

They also stated that they are not seeking economic damages in their amended response to defendants' interrogatory 10:

Page 10 - DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS

> **INTERROGATORY NO. 10:** Describe and quantify all economic damages sought by plaintiffs Maney, Clift, Nulph, Hall, Hart, Sublet, and the Estate of Juan Tristan and produce and identify all documents supporting such claim of damages.
>
> **AMENDED ANSWER:** Plaintiffs object to this interrogatory to the extent that it calls for attorney work product and requires Plaintiffs' attorneys to reveal their mental impressions in evaluating whether a document provides "support" for a given claim or fact. Subject to and without waiving the foregoing general and specific objections, Plaintiffs amend their response as follows:
>
> Plaintiffs do not seek economic damages with respect to Plaintiffs Maney, Clift, Nulph, Hall, Hart, Sublet, or the Estate of Juan Tristan.

(Jindal Decl. Ex. 5, Excerpt of 4/24/2023 Pls.' Am. Resp. to Defs.' Interrog. No. 10 at 16.) Separately, in advance of a deposition, plaintiffs confirmed via email that "We are not seeking economic damages for the wrongful death class." (Jindal Decl. Ex. 6, 2/8/2023 email from Nadia Dahab to Dallas DeLuca.)

That is all that is needed to eliminate the named plaintiffs' damages under their state-law claims. They admit they have no economic damages, so under ORS 30.650 they cannot recover *any* damages. The Court should enter summary judgment against the named plaintiffs' state-law claims.

**IV.   Motion 3: The Court should modify its order certifying the class to remove the state-law claims.**

Because the named plaintiffs cannot establish an essential element of their state-law claims, this Court should modify its class certification order to remove those claims. District courts have an obligation to refine the scope of class claims as the facts and law develop during the life of a case. *See Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983) ("Under Rule 23 the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case. The district judge must define, redefine, subclass, and

Page 11 -  DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
             REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW
             CLAIMS

decertify as appropriate in response to the progression of the case from assertion to facts.") Thus, where discovery reveals that certain claims no longer meet the requirements of a class action, the court should modify its class certification order. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 948 (9th Cir. 2011) (affirming decertification of class action).

Here, the named plaintiffs' lack of economic damages demonstrates that (1) they are inadequate class representatives as to the state-law claims and (2) individualized fact issues regarding the existence of economic damages will predominate.

### A. The named plaintiffs cannot act as adequate representatives for absent class members' state-law claims.

First, no named plaintiff can adequately represent the class with respect to state-law issues because no named plaintiff has a viable state-law claim. *See, e.g.*, *Marin Cnty. Chapter of Nat. Org. for Women v. Marin Cnty.*, 82 F.R.D. 605, 607 (N.D. Cal. 1979) ("The motion to dismiss as to [the named plaintiffs] is therefore granted, and because there is no proper class representative, the class tentatively certified by the court is hereby decertified."); *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 416 (C.D. Cal. 2000) (finding that class representatives were no longer adequate after granting motion for summary judgment). For this reason alone, the Court should modify its class certification order to remove state-law issues.

Further, it is too late for plaintiffs to substitute in new class representatives. Fact and expert discovery is closed and dispositive motions are due. Plaintiffs knew about the deficiency in their state-law claims for at least six months when they first responded to defendants' interrogatories. Courts often deny leave to substitute after the discovery cut-off, especially where plaintiffs did not diligently pursue the substitution. *See, e.g.*, *Osakan v. Apple Am. Grp.*, No. C 08-4722 SBA, 2010 WL 1838701, at *5 (N.D. Cal. May 5, 2010) (denying effort to substitute new class representatives after discovery cut-off where plaintiff was not diligent in pursuing substitution and defendants would be prejudiced); *Chavez v. Illinois State Police*, 251 F.3d 612, 632-633 (7th Cir. 2001) (affirming denial of motion to substitute class representative after close of fact discovery where substitution would be prejudicial because it would require additional discovery); *In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 247

**Page 12 -  DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**

(S.D. N.Y. 2005), appeal granted order amended, 2005 WL 1871012 (S.D.N.Y. 2005) (declining to allow proposal of new representative where "[f]act discovery has closed and the trial date looms"). Here, substitution is not appropriate because discovery is closed and plaintiffs have not diligently pursued any substitution.

> **B.     Discovery has confirmed that the existence of economic damages is an individualized liability issue for that will predominate over common issues.**

Separately, the eight named plaintiffs' inability to demonstrate economic damages in discovery reveals that this individual liability issue will predominate over common issues on plaintiffs' state-law claims. When discovery reveals that individualized liability issues will predominate over common issues, modification of the scope of class certification is necessary. *See, e.g.*, *Lewis v. First American Insurance Company*, 2017 WL 3269381, at *6 (D. Idaho 2017) (decertifying class because discovery had led to "a highly individualized approach to liability"); *Kelley v. Microsoft Corp.*, 2009 WL 413509, at *9 (W.D. Wash. 2009) (decertifying class where discovery revealed that causation was not susceptible to classwide proof) (quoting *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 559 (W.D. Wash. 2008)); *Marlo v. United Parcel Service, Inc.*, 251 F.R.D. 476, 484 (C.D. Cal. 2008), aff'd, 639 F.3d 942 (9th Cir. 2011) ("[W]hen individualized issues or determinations become central to a case, the class action no longer advances the efficiency and economy for which it was intended."). Here, in discovery, no named plaintiff was able to demonstrate even the existence of economic damages, which is an essential element of their state-law claims.

To be sure, when certifying the class, this Court held that "individual questions relating to the *extent* of injury and *amount* of damages" are not a proper basis for denying class certification. (Dkt. 377, Op. and Ord. at 42-43.) But where, as here, individualized questions about the *existence* of damages are likely to predominate, modification of the certification order is appropriate. Although "[i]ndividual differences in calculating the amount of damages will not defeat class certification where common issues otherwise predominate," plaintiffs cannot establish predominance if they cannot "prove that damages resulted from the defendant's conduct" on a classwide basis. *Castillo v. Bank of Am., NA*, 980 F.3d 723, 730 (9th Cir. 2020);

Page 13 -  DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS

*see also Comcast Corp. v. Behrend*, 569 U.S. 27, 38 (2013). In other words, the degree of injury is distinct from the fact of injury. Courts routinely hold that individual issues predominate when each individual plaintiff must prove the fact of economic injury. *See, e.g.*, *Andrews v. Plains All Am. Pipeline, L.P.*, 777 F. Appx. 889, 892 (9th Cir. 2019) ("[T]he fact that some class members were not [economically] injured will require individualized consideration and proof . . ."); *Pryor v. Aerotek Sci., LLC*, 278 F.R.D. 516, 532 (C.D. Cal. 2011) (holding that individual issues regarding existence of an actionable economic injury against employer in wage dispute was "not merely a question of damages, it is a question of liability.").[3]

Here, discovery has revealed that the named plaintiffs cannot prove economic damages, which is an essential element of their state-law claims. Accordingly, individualized liability issues regarding the fact of economic issues will predominate the state-law claims, and this Court should modify the class certification order to remove these claims.

## CONCLUSION

As a matter of law, defendants have established that:

1)   Mr. Maney and Mr. Nulph did not suffer any physical injuries, as required by the PLRA, that would support a claim for mental and emotional injury like pain and suffering. The Court should enter partial summary judgment against each of these two named plaintiffs' claims for mental and emotional injury and against Mr. Nulph's claims in their entirety;

2)   All of the named plaintiffs have admitted they have no economic damages, so under ORS 30.650 they cannot recover on their state-law claims; and

---

[3] *See also Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 187 (3d Cir. 2001), as amended (Oct. 16, 2001) (holding predominance not met where securities claims required "[e]xamining millions of trades to ascertain whether or not there was injury[.]"); *Harnish v. Widener Univ. Sch. of L.*, 833 F.3d 298, 306 (3d Cir. 2016) ("While obstacles to calculating damages may not preclude class certification, the putative class must first demonstrate economic loss"—that is, the fact of damage—"on a common basis." (internal quotation marks omitted)); *Owner Operator Indep. Drives Ass'n, Inc. v. FFE Transp. Servs., Inc.*, 245 F.R.D. 253, 255 (N.D. Tex. 2007) (plaintiff must have suffered an economic injury to sue, and "the determination of whether a putative class member has sustained economic injury raises a host of individualized issues which preclude certification under Rule 23(b)(3)").

**Page 14 -   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**

3) Because no named plaintiff can prove their state-law claims, the class certification order should be modified to remove the state-law claims.

Defendants ask the Court to grant this motion and to dismiss any claims for mental and emotional injury as to named plaintiffs Maney and Nulph, dismiss Mr. Nulph's claims in their entirety, dismiss the state-law claims as to each of the named plaintiffs, and modify the class certification order to remove the state-law claims.

DATED: November 30, 2023.  ELLEN ROSENBLUM ATTORNEY GENERAL
FOR THE STATE OF OREGON

*s/ Molly K. Honoré*
Kerry J. Shepherd, OSB #944343
KerryShepherd@MarkowitzHerbold.com
Molly K. Honoré, OSB #125250
MollyHonore@MarkowitzHerbold.com
Jermaine F. Brown, OSB #073415
JermaineBrown@MarkowitzHerbold.com
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

*Special Assistant Attorneys General for Defendants*

R. Kyle Busse, OSB #070994
KyleBusse@MarkowitzHerbold.com
Chad A. Naso, OSB #150310
ChadNaso@MarkowitzHerbold.com
Anit K. Jindal, OSB #171086
AnitJindal@MarkowitzHerbold.com

*Attorneys for Defendants*

Tracy Ickes White, OSB #904127
Tracy.I.White@doj.state.or.us
DEPARTMENT OF JUSTICE
1162 Court Street NE
Salem, OR  97301-4096

*Attorneys for Defendants*

**Page 15 -  DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DAMAGES AND CLASS CERTIFICATION OF STATE-LAW CLAIMS**