IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL MANEY *et al.*, | Case No. 6:20-cv-00570-SB |
| Plaintiffs, | **CIVIL TRIAL MANAGEMENT ORDER** |
| v. | |
| KATE BROWN *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

I.    <u>General Directions</u>

The parties shall electronically file the documents described below using the District Court's CM/ECF system, except where otherwise indicated in this Order. Trial exhibits, impeachment exhibits, impeachment witness statements, and witness disability statements should not be electronically filed. Other than copies of trial exhibits, each filed document should be separately captioned. Where documents are required by this Order to be sent to the Court by e-mail, they should be submitted in Word format and transmitted by e-mail to:

> Courtroom Deputy Giselle Williams
> Telephone: 503-326-8022
> E-mail: giselle_williams@ord.uscourts.gov

Any questions may be directed to the Courtroom Deputy at the e-mail or telephone number above. Absent a showing of good cause, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this Order.

PAGE 1 – CIVIL TRIAL MANAGEMENT ORDER

II. **Documents Due 28 Days (Four Weeks) Before the Pretrial Conference**

    A. **Plaintiffs' Trial Exhibit List and Trial Exhibits.**

        1. Each party shall prepare a list of proposed exhibits, in numerical order, with a short identifying description (e.g., "Letter from Smith to Jones, dated Jan. 1, 2019"). The parties shall confer in advance in order to avoid listing the same document on both Plaintiffs' exhibit list and Defendants' exhibit list. Plaintiffs' exhibits should be numbered and listed starting with the number "1." Defendants' exhibits should be numbered and listed starting with the number "201." If there are likely to be more than 200 exhibits per party or if there are multiple parties, please contact Courtroom Deputy Giselle Williams well in advance to obtain additional instructions. In addition to filing the exhibit list in the CM/ECF system, Plaintiffs should e-mail their exhibit list in Word format to the Courtroom Deputy at the e-mail address above.

        2. Each trial exhibit should have an exhibit sticker on the first page that lists both the exhibit number and the case number.

        3. Trial Exhibit Notebooks

            a. Judge's Copy and Opposing Counsel Copy. Do not electronically file trial exhibits. Instead, 28 days before the pretrial conference, please deliver a Judge's paper copy of Plaintiffs' trial exhibits (bearing a copy of the exhibit stickers), double-sided and three-hole punched, and placed in labeled three-ring binders with numerical side index tabs for each exhibit. Staples and clips should be removed from the copies of the exhibits that are placed in three-ring binders. Counsel must provide a similarly prepared copy to opposing counsel.

            b. Original Trial Exhibits. On the first day of trial, counsel shall deliver the original trial exhibits to the Courtroom Deputy. The original trial exhibits should also be inserted in labeled three-ring binders with numerical side index tabs for each exhibit. In addition to the binder of original trial exhibits, counsel shall prepare a Judge's bench copy, a copy for opposing counsel, and a copy for counsel's own use.

        4. Photographs, charts, and the like should be individually numbered and listed, unless they are part of a unified or common set, in which case they may be given a lead exhibit number, with sequential designations by letter, *e.g.,* Ex. 50a, 50b, *etc.*

      5.      Each impeachment exhibit should be listed on a party's exhibit list only as "Impeachment Exhibit." Impeachment exhibits shall be marked and delivered only to the Clerk's Office. Plaintiffs' and Defendants' impeachment exhibits are due seven (7) days before the pretrial conference. See Section VI(A)(2) below for a discussion of what constitutes an "impeachment" exhibit.

      6.      Even if exhibits are pre-admitted in evidence at the pretrial conference, an exhibit must be "used" or "referenced" during trial in order to be submitted to the jury during deliberations.

      7.      Do not mark an expert witness report as an exhibit.

      8.      Parties must seek leave of court to file supplemental exhibits after the applicable exhibit deadlines set forth in this Order. Any proposed supplemental exhibits must be separately captioned and include a complete amended exhibit list.

**B.**     **Plaintiffs' Lay Witness List.**

      1.      List the names of all lay witnesses to be called and, for each witness, state counsel's estimate of the length of time for direct examination.

**C.**     **Plaintiffs' Expert Witness List**.

      1.      Supply a report of each expert witness to be called at trial (whether in a party's case-in-chief or rebuttal). Counsel shall also provide an estimate of the length of time for direct examination. Do not mark an expert witness report as an exhibit.

**D.**     **Plaintiffs' Substantive Evidence Deposition Designations.**

      1.      Deposition testimony that Plaintiffs intend to offer as substantive evidence in lieu of live testimony must be submitted to the Court with those portions sought to be admitted highlighted. Portions of deposition testimony that Plaintiffs intend to offer as substantive evidence should be highlighted in yellow, and portions of deposition testimony that Defendants intend to offer as substantive evidence should be highlighted in blue. Mini-transcripts are preferred, if available.

      2.      The Court encourages the parties to confer well in advance of these deadlines and to submit a single copy of each deposition transcript that contains appropriate highlighting for each party's designations (yellow for plaintiffs, blue for defendants). After all objections and other matters (including cross-designations under the "rule of completeness") relating to such deposition testimony have been ruled upon, counsel for the party initially propounding such deposition testimony will be required to

prepare a "final" edited transcript (preferably, a mini-transcript) of all testimony that will be read (or otherwise presented by video or audio) to the jury.

    3.    Where videotaped deposition testimony is to be shown to the jury, the Court recommends that the video be "tightly edited" (preferably under 30 minutes) with a synchronized transcript appearing on the video. In the absence of a stipulation among the parties, any "final" editing will need to await the Court's rulings on any objections. In addition, the Court encourages the parties to stipulate to neutral summaries of the videotaped witness's background and the witness's role in the events of the trial, so that deposition presentation time need not be taken up with those matters. The Court or counsel may explain to the jury what a deposition is before showing a videotaped deposition offered in lieu of live testimony.

    4.    Deposition transcripts used in lieu of live testimony are generally not considered to be trial exhibits because they will be read to the jury and not given to the jury during deliberations. The final edited transcript, however, will be listed in the trial records as a "court exhibit."

    5.    Deposition excerpts (whether by video, audio, transcript, or otherwise) that are intended solely for impeachment purposes need not be filed with the Court or disclosed to opposing counsel. See Section VI(A)(2) below for a discussion of what constitutes an "impeachment" witness.

**E.**     **Plaintiffs' Motions in Limine.** Please state all motions in limine in a single document, with each separate motion clearly identified. Include specific citations to all necessary and appropriate authorities. This document is limited to 15 pages in length, unless prior court approval has been received. Motions in limine should not be filed under seal, unless prior court approval has been received. No replies are allowed, unless requested by the Court.

**H.**     **Plaintiffs' Proposed Voir Dire Questions (for jury trials).** Plaintiffs may submit voir dire questions that Plaintiffs would like the Court to ask. Upon request, the Court will allow each party up to 20 minutes for attorney-conducted voir dire after the Court's questioning.

**I.**     **Plaintiffs' Proposed Jury Instructions (for jury trials).** The parties shall confer about proposed jury instructions and, if possible, submit a joint set of stipulated jury instructions, in addition to any instructions about which the parties may disagree. For any Ninth Circuit model instructions, please submit only the model instruction number and not the full text of that instruction. Instructions shall be brief, clear, written in plain English and free of argument. In addition to the document electronically filed using CM/ECF and also delivered as a Judge's paper copy, please e-mail a copy of the Proposed Jury Instructions in Word format to the Courtroom Deputy at the e-mail address above. If there are more than 10

        instructions, please include an index. Counsel must also follow the requirements stated in Local Rule 51-1.

    **J.**    **Plaintiffs' Proposed Verdict Form (for jury trials).** The parties shall confer about a proposed verdict form and, wherever possible, submit a stipulated form of verdict or set of questions, in addition to any matters about which the parties may disagree. In addition to the document electronically filed using CM/ECF and also delivered as a Judge's paper copy, please e-mail a copy of the Proposed Verdict Form in Word format to the Courtroom Deputy at the e-mail address above.

    **K.**    **Plaintiffs' Suggested Findings of Fact and Conclusions of Law (for court trials).** The parties shall confer about suggested findings of fact and conclusions of law and, wherever possible, submit a joint set of suggested findings of fact and conclusions of law, in addition to any suggested findings or conclusions about which the parties may disagree. In addition to the document electronically filed using CM/ECF and also delivered as a Judge's paper copy, please e-mail a copy of the Suggested Findings of Fact and Conclusions of Law in Word format to the Courtroom Deputy at the e-mail address above. The suggested findings of fact shall be fairly and neutrally stated and not be argumentative in form. Each suggested finding of fact and conclusion of law shall be separately stated in its own numbered paragraph.

### III. Documents Due 21 Days (Three Weeks) Before the Pretrial Conference

    **A.**    **Defendants' Exhibit List and Trial Exhibits.** See instructions above regarding Plaintiffs' Exhibit List. As stated above, Defendants' exhibits should be numbered and listed starting with the number "201."

    **B.**    **Defendants' Lay Witness List.** See instructions above regarding Plaintiffs' Lay Witness List.

    **C.**    **Defendants' Expert Witness List.** See instructions above regarding Plaintiffs' Expert Witness List.

    **D.**    **Defendants' Substantive Evidence Deposition Designations, Including Defendants' Cross-Designations to Plaintiffs' Deposition Designations.** See instructions above regarding Plaintiffs' Substantive Evidence Deposition Designations.

    **F.**    **Defendants' Motions in Limine.** See instructions above regarding Plaintiffs' Motions in Limine.

    **G.**    **Defendants' Proposed Voir Dire Questions (for jury trials).** See instructions above regarding Plaintiffs' Proposed Voir Dire Questions.

    **H.**    **Defendants' Proposed Jury Instructions (for jury trials).** See instructions above regarding Plaintiffs' Proposed Jury Instructions.

I. **Defendants' Proposed Verdict Form (for jury trials).** See instructions above regarding Plaintiffs' Proposed Verdict Form.

J. **Defendants' Suggested Findings of Fact and Conclusions of Law (for court trials).** See instructions above regarding Plaintiffs' Suggested Findings of Fact and Conclusions of Law.

K. **Defendants' Objections to Plaintiffs' Evidence and Responses to Plaintiffs' Motions in Limine.**

   1. Defendants may file objections to Plaintiffs' exhibits, witnesses (lay and expert), and substantive deposition testimony designations.

   2. Defendants may file separately in one document a response to Plaintiffs' motions in limine.

   3. Defendants may file separately objections to Plaintiffs' proposed voir dire questions (for jury trials), objections to Plaintiffs' proposed jury instructions (for jury trials), objections to Plaintiffs' proposed verdict form (for jury trials), and objections to Plaintiffs' suggested findings of fact and conclusions of law (for court trials), in addition to Defendants' alternative suggested findings of fact and conclusions of law (for court trials).

IV. **Documents Due 14 Days (Two Weeks) Before the Pretrial Conference**

A. **Plaintiffs' Responses to Defendants' Objections and to Defendants' Motions in Limine.** Plaintiffs may respond to Defendants' Objections to Plaintiffs' exhibits, witnesses (lay and expert), substantive deposition testimony designations, proposed jury instructions (for jury trials), proposed voir dire (for jury trials), proposed verdict form (for jury trials), and suggested findings of fact and conclusions of law (for court trials). Responses should be sufficiently specific to enable the Court to provide a ruling. Plaintiffs may also file separately in one document a response to Defendants' motions in limine.

B. **Plaintiffs' Objections to Defendants' Evidence.** Plaintiffs may file objections to Defendants' exhibits, witnesses (lay and expert), substantive deposition testimony designations, proposed jury instructions (for jury trials), proposed voir dire (for jury trials), proposed verdict form (for jury trials), and alternative suggested findings of fact and conclusions of law (for court trials), and cross-designations.

C. **Plaintiffs' Cross-Designations to Defendants' Substantive Evidence Deposition Designations.** See instructions above regarding Plaintiffs' Substantive Evidence Deposition Designations.

///
///

V. **Documents Due 7 Days (One Week) Before the Pretrial Conference**

A. **Defendants' Responses to Plaintiffs' Objections.** Defendants may respond to Plaintiffs' Objections to Defendants' exhibits, witnesses (lay and expert), substantive deposition testimony designations, proposed jury instructions (for jury trials), proposed voir dire (for jury trials), proposed verdict form (for jury trials), and alternative suggested findings of fact and conclusions of law (for court trials).

B. **Plaintiffs' and Defendants' Joint Status Report to the Court.** Not later than nine (9) days before the pretrial conference, Plaintiffs and Defendants shall meet and confer regarding each other's filed objections to exhibits, witnesses (lay and expert), substantive deposition testimony designations, proposed voir dire questions, proposed jury instructions, proposed verdict form, suggested findings of fact and conclusions of law, and motions in limine. In a single document titled "Joint Status Report," the Parties shall inform the Court about which disputes they have resolved and which disputes remain unresolved and in need of decision by the Court. There shall be no argument or substantive discussion contained in the Joint Status Report. The Joint Status Report shall be filed seven (7) days before the pretrial conference.

C. **Plaintiffs' and Defendants' Joint Neutral Statement of the Case (for jury trials).** Not later than nine (9) days before the pretrial conference, Plaintiffs and Defendants shall meet and confer regarding a brief joint neutral statement of the case sufficient to identify for the jury the parties and the nature of the claims and defenses (and counterclaims and cross-claims, if applicable). The parties shall file seven (7) days before the pretrial conference a single joint document, regardless of whether they agree on the entirety of the neutral statement of the case. If they do not agree, the joint document shall indicate the specific portions of the neutral statement where the parties agree, the specific portions where they disagree, and what each party would propose for those portions where they do not agree.

D. **Plaintiffs' and Defendants' Stipulations.** Not later than nine (9) days before the pretrial conference, Plaintiffs and Defendants shall meet and confer regarding what stipulations of fact, definitions or glossaries of technical terms, list and positions of relevant people (with or without photographs), and other similar material they have agreed upon that may be presented to the jury (in jury trials) or to the Court. The parties shall file seven (7) days before the pretrial conference a single joint document, without argument, describing the contents of any such stipulation.

E. **Requests for Accommodations.** The parties shall not electronically file but shall deliver to each other and to the Clerk's Office a designation of all witnesses, parties, counsel, or others who will be present at trial and who may need accommodation for any disability. Please be specific in your description of the accommodation that may be needed.

**VI.  Miscellaneous**

    **A.  Impeachment Evidence (Exhibits and Witnesses).**

        1.  The parties shall not electronically file and shall not deliver to each other but shall deliver to the Clerk's Office impeachment exhibits and witness lists. Impeachment exhibits shall be marked in the same fashion that trial exhibits are marked, but may be labeled on the exhibit list simply as "Impeachment Exhibit." A party seeking to use an impeachment exhibit shall bring several copies to trial. If the Court allows such evidence to be used, copies of the impeachment exhibit will be provided to the witness and to opposing counsel at the appropriate time.

        2.  Impeachment evidence is evidence (whether an exhibit or live or deposition witness testimony) that is offered to impeach the credibility of a witness. Impeachment of a witness's credibility may occur by showing bias or prejudice, a prior inconsistent statement, a lack of testimonial capacity (e.g., issues of perception, recall, or communication), a witness's character for untruthfulness, or evidence of a criminal conviction, all as provided for under the Federal Rules of Evidence. Evidence that is offered primarily to prove or disprove an element of a claim or defense is not evidence that is offered to impeach the credibility of a witness and thus is not impeachment evidence; it must be disclosed in accordance with this Civil Trial Management Order.

    **B.  No replies.** No party may file a reply beyond what is specified in this Order, unless expressly allowed or requested by the Court.

    **C.  The Pretrial Conference.** During the pretrial conference, counsel should be prepared to discuss:

        1.  Motions in limine;

        2.  Objections to exhibits, witnesses (lay and expert), and substantive evidence deposition designations;

        3.  Voir dire questions and procedures;

        4.  Peremptory and "for cause" challenge procedures;

        5.  Jury instructions and verdict form (for jury trials);

        6.  The Neutral Statement of the Case (for jury trials);

        7.  The process and schedule for pretrial disclosure of demonstrative evidence;

8. Stipulations;

9. Anticipated daily trial schedule and trial timetable;

10. Courtroom technology, equipment, or personnel needs (including plans for courtroom presentations, daily transcripts, etc.); and

11. Any other matters that the parties would like to discuss.

**D.** **No Late Submissions.** No exhibits or testimony will be received in evidence at trial unless presented in accordance with this Order. Late submissions, including but not limited to any supplemental or revised exhibits, supplemental or amended witness statements, or supplemental or amended jury instructions, will not be accepted unless there has been a showing of good cause.

**E.** **Trial Court Guidelines.** Please review and follow the Trial Court Guidelines for the U.S. District Court for the District of Oregon, which can be found on the Court's website at ord.uscourts.gov/trial-court-guidelines.

**IT IS SO ORDERED.**

DATED this 6th day of March, 2024.

_Stacie F. Beckerman_
HON. STACIE F. BECKERMAN
United States Magistrate Judge