**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL MANEY; GARY CLIFT; THERON HALL; DAVID HART; SHERYL LYNN SUBLET; FELISHIA RAMIREZ; MICAH RHODES; GEORGE NULPH, <br><br>     Plaintiffs - Appellees, <br><br>  v. <br><br> STATE OF OREGON; COLETTE S. PETERS, AKA C. Peters; HEIDI STEWARD, Acting Director; MIKE GOWER; MARK NOOTH; ROB PERSSON; JOE BUGHER; GARRY RUSSELL, <br><br>     Defendants - Appellants. | No. 24-2715 <br><br> D.C. No. 6:20-cv-00570-SB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Argued and Submitted June 11, 2025
Portland, Oregon

Before: SCHROEDER, TALLMAN, and OWENS, Circuit Judges.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This interlocutory appeal arises from a class action brought by adults in custody (AIC) at Oregon Department of Corrections (ODOC) institutions (collectively Plaintiffs) against various high-level ODOC officials (collectively Defendants) based on their response to the COVID-19 pandemic. Plaintiffs allege that Defendants violated their Eighth Amendment rights by failing to protect them from heightened exposure to COVID-19. They now seek money damages for contracting COVID-19 in ODOC facilities during the first two years of the pandemic.

The district court denied Defendants' motion for summary judgment on qualified immunity grounds because it found that there were genuine issues of material fact about the constitutionality of ODOC's COVID-19 response. Following the district court's decision, Defendants filed this interlocutory appeal, arguing that they are entitled to qualified immunity as a matter of law. We construe the facts in favor of the non-moving party in reviewing summary judgment rulings. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). We review the denial of qualified immunity de novo. *Rice v. Morehouse*, 989 F.3d 1112, 1120 (9th Cir. 2021).

We typically do not have jurisdiction to review denials of summary judgment as they are not final orders. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017). However, under the collateral order exception to the finality

24-2715

doctrine, we may review summary judgment orders denying qualified immunity. *Plumhoff v. Rickard*, 572 U.S. 765, 771–73 (2014). "[T]he scope of our review over the appeal [in this context] is circumscribed," and we only have jurisdiction to review "whether or not certain given facts showed a violation of 'clearly established law.'" *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (citations omitted). At this stage, we cannot review the district court's determination that there are genuine issues of material fact underlying the Eighth Amendment analysis. *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009). Instead, we can only consider whether Defendants "would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (quoting *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021)). Thus, we have jurisdiction to hear this interlocutory appeal of the district court's denial of qualified immunity for Defendants, and we affirm.[1]

---

[1] Defendants also argue that Plaintiffs lack standing to bring the Eighth Amendment damages claims that the underlying suit is based upon. However, we lack jurisdiction to consider these arguments at this stage. *See Eng*, 552 F.3d at 1068 n.2 (noting that "any ruling on [standing] issues will generally be independent of the qualified immunity inquiry itself and cannot be raised on interlocutory appeal," and "we may address such matters only on appeals from final judgments"). Nor is the standing analysis "inextricably intertwined" with the qualified immunity analysis such that we may exercise our pendant appellate jurisdiction to reach the merits of the standing issues to "'ensure meaningful review of' the order properly before us on interlocutory appeal." *Melendres v. Arpaio*, 695 F.3d 990, 996 (9th Cir. 2012)

24-2715

1. The district court did not err by denying Defendants' motion for summary judgment because, at this stage of the case, they are not entitled to qualified immunity as a matter of law.  "The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  "We must affirm the district court's denial of qualified immunity if, resolving all factual disputes and drawing all inferences in [Plaintiffs'] favor, [Defendants'] conduct (1) violated a constitutional right that (2) was clearly established at the time of the violation." *Ballou*, 29 F.4th at 421.

The constitutional right Plaintiffs allege Defendants violated was "[t]he Eighth Amendment's prohibition against 'cruel and unusual punishments'" which "imposes duties on prison officials to provide 'humane conditions of confinement.'" *Hampton v. California*, 83 F.4th 754, 765 (9th Cir. 2023), *cert. denied sub nom. Diaz v. Polanco*, 144 S. Ct. 2520 (2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The Eighth "Amendment's protections extend to 'condition[s] of confinement that [are] sure or very likely to cause serious illness and needless suffering' in the future" like exposure to "infectious maladies." *Id.* at 766

---

(quoting *Meredith v. Oregon*, 321 F.3d 807, 813 (9th Cir. 2003), *as amended* 326 F.3d 1030 (9th Cir. 2003)).

24-2715

(alterations in original) (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)).  To establish their Eighth Amendment conditions of confinement claim, Plaintiffs must demonstrate (1) an "objectively, 'sufficiently serious'" deprivation, and (2) that Defendants acted "subjectively, with 'deliberate indifference'" to this deprivation. *Id.* (citation omitted).

We have previously held that involuntarily exposing inmates to COVID-19 satisfies the Eighth Amendment's objective prong.  *See id.*  Defendants argue that the right Plaintiffs assert is not a conditions of confinement claim, but rather the right to "an overall 'reasonable' pandemic response in the aggregate," which is not protected by the Eighth Amendment.  However, we reject this argument as Plaintiffs are class members who are each alleging that they were involuntarily exposed to COVID-19 in their correctional facilities at the height of the pandemic.  Thus, they are asserting the same conditions of confinement claim that we have already found satisfies the Eighth Amendment's objective prong.  *See id.*

The subjective component of a conditions of confinement claim based on exposure to a hazard "requires a plaintiff to allege that officials 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'"  *Id.* at 767 (alteration in original) (quoting *Farmer*, 511 U.S. at 837).  The district court found that there were genuine issues of material fact regarding whether Defendants consciously disregarded the substantial risk of harm COVID-19 posed to Plaintiffs.  Specifically,

24-2715

it found that genuine issues of material fact remained as to whether Defendants (1) implemented and enforced a masking policy and whether that policy was consistent with then-current public health guidance; (2) adopted housing policies to minimize mixing of AICs from different housing units; (3) implemented a policy of testing symptomatic AICs and symptomatic close contacts of confirmed COVID-19 cases; (4) adopted a policy of testing asymptomatic close contacts; (5) enforced a quarantine policy; or (6) considered using empty facilities or spaces to improve social distancing.

We are bound by the district court's determination that, as a matter of law, genuine issues of material fact exist to preclude a declaration of liability now. *See Eng*, 552 F.3d at 1067. And construing the genuine issues of material fact identified by the district court in Plaintiffs' favor would satisfy the subjective prong of their Eighth Amendment claim, as it would show that Defendants acted with deliberate indifference. Thus, at this stage, we cannot decide as a matter of law that Defendants did not violate Plaintiffs' Eighth Amendment rights.

2. The right Plaintiffs assert was also clearly established at the time of Defendants' conduct. "[A]n inmate's right to be free from exposure to a serious disease . . . has been clearly established since at least 1993, when the Supreme Court decided *Helling v. McKinney*, 509 U.S. 25 (1993)." *Hampton*, 83 F.4th at 769–70 (collecting cases). Thus, we have previously held that that "all reasonable prison

6

officials would have been on notice in 2020 that they could be held liable for exposing inmates to a serious disease, including a serious communicable disease," like COVID-19. *Id.* at 770.

Defendants cannot prove that they are entitled to qualified immunity as a matter of law at this stage. The district court identified genuine issues of material fact underlying whether Defendants acted with deliberate indifference. If a reasonable jury resolves these questions in Plaintiffs' favor, then it could find that Defendants violated Plaintiffs' clearly established Eighth Amendment rights. But that requires the fact finder to determine what we cannot at this stage of the litigation.

**AFFIRMED.**

24-2715