**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
**Jessica Greenlick Snyder,** OSB No. 134911
SUGERMAN DAHAB
101 SW Main Street Ste. 910
Portland, OR 97204
Tel: (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com
jessica@sugermandahab.com

**Juan C. Chavez**, OSB No. 136428
OREGON JUSTICE RESOURCE CENTER
P.O. Box 5248
Portland, OR 97208
Tel: (503) 944-2270
jchavez@ojrc.info

*Attorneys for Plaintiffs and the Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PAUL MANEY; GARY CLIFT; GEORGE NULPH; THERON HALL; DAVID HART; SHERYL LYNN SUBLET; and FELISHIA RAMIREZ, personal representative for the ESTATE OF JUAN TRISTAN, individually, on behalf of a class of other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF OREGON; KATE BROWN, COLETTE PETERS; HEIDI STEWARD; MIKE GOWER; MARK NOOTH; ROB PERSSON; KEN JESKE; PATRICK ALLEN; JOE BUGHER; and GARRY RUSSELL,<br><br>Defendants. | Case No. 6:20-cv-00570-SB<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, APPOINTING CLASS ADMINISTRATOR, AND APPROVING FORM AND MANNER OF CLASS NOTICE** |

Plaintiffs Paul Maney, David Hart, Theron Hall, Gary Clift, and Felishia Ramirez, personal representative of the Estate of Juan Tristan, individually and on behalf of the certified classes, and Sheryl Lynn Sublet, individually, seek preliminary approval of the proposed settlement between Plaintiffs and Defendants State of Oregon, Colette Peters, Heidi Steward, Mike Gower, Mark Nooth, Rob Persson, Joe Bugher, and Garry Russell, as well as the previously dismissed defendants, former Governor Kate Brown, Ken Jeske, and Patrick Allen, each in their individual and official capacities.  Plaintiffs further seek approval of the notice procedure, the proposed notices (Exhibits B and C to Plaintiffs' Motion for Preliminary Approval of Class Settlement and Notice Plan), and all of the requirements for Damages and Wrongful Death Class Members to either opt out of or object to the proposed settlement.  The terms of the proposed settlement are set forth in the Settlement Agreement, which is attached as Exhibit A to Plaintiffs' Motion for Preliminary Approval of Class Settlement and Notice Plan.

Having reviewed the pleadings in the case and the submissions of the parties with respect to preliminary approval of the proposed agreement, and for good cause shown;

IT IS HEREBY ORDERED, this 25th day of June, 2026, that pursuant to Federal Rule of Civil Procedure 23(e):

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. The Settlement Agreement, together with its attached exhibits and/or referenced documents, sets forth the terms and conditions for the proposed settlement and dismissal with

2

prejudice of the Litigation. The Settlement Agreement was the result of an extensive, arm's length negotiation conducted between the parties over the course of several years.

3.	The Court will direct notice to the Wrongful Death Class and the Damages Class because giving notice is justified by Plaintiffs' showing that the Settlement Agreement is within the range of possible final judicial approval under Rule 23(e)(2). Specifically, the Settlement Agreement preliminarily appears to be (a) fair, reasonable, and adequate considering the relief provided in the Settlement Agreement and the relevant factual, legal, practical, and procedural considerations of the Litigation; and (b) free of collusion to the detriment of Class Members, subject to further consideration thereof at the Final Fairness Hearing as described below. Accordingly, the Settlement Agreement and the proposed settlement are sufficient to warrant notice thereof and a full hearing before the Court on the final approval of the settlement.

4.	If, for any reason, the Settlement Agreement is not finally approved, becomes void, or does not become effective, this Order shall be null and void and automatically deemed vacated. Neither the Settlement Agreement nor anything related to the negotiation, consideration, or approval of it shall be used, referred to, proffered, or admissible for any purpose in this Litigation or any other action or proceeding. In such event, the parties and the Class Members shall be returned to the same litigation position that they were in before seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the settlement.

5.	Upon entry of this Order, Plaintiffs shall dismiss the Individual Defendants without prejudice, with each Party to bear its own fees, costs, and expenses except as otherwise provided in the Settlement Agreement. If the Settlement Agreement becomes void pursuant to

Section 2 of the Settlement Agreement, the statute of limitations for the claims against the dismissed Individual Defendants will be deemed tolled for the period between the dismissal and the date thirty days after the Settlement Agreement becomes void pursuant to Section 2.  If the Court does not enter a Final Approval Order, the statute of limitations for claims against the dismissed Individual Defendants will be deemed tolled for the period between the dismissal and the date thirty days after the Court's order denying final approval or the expiration of time to appeal from such order without any appeal having been filed, or, if an appeal is filed, all appeals have been finally resolved.[1]

**6.**      Verita Global, LLC ("Verita") is hereby appointed as Notice and Settlement Administrator to provide Court-approved notice to Class Members as described in the motion for preliminary approval and to administer the settlement, including receiving and holding settlement funds, receiving, reviewing, approving or denying disputes to distribution amounts, and distributing funds as approved and directed by the Court.

**7.**      The proposed form, content, and procedures of notice to Class Members are approved.  The notice to be provided to the Class Members clearly, concisely, and in plain language advises them of, among other things, the nature of the action, the proposed Settlement Agreement, the definition of the Classes, the claims the Classes would release, the consideration the Classes would receive, Class Counsel's intended application for attorneys' fees, costs, and expenses, Class Members' right to participate individually or through an attorney and object to the Settlement Agreement or any portion of it, Class Members' right to opt out and exclude

---

[1]      Patrick Allen previously was named as a defendant but has since been adjudged dismissed.  ECF 630 (limited judgment of dismissal).  The parties therefore agree that Paragraph 5 of this order, including its tolling provisions, does not apply to Mr. Allen, and that the limited judgment of dismissal as to Mr. Allen shall remain.

themselves from the Settlement Agreement, the binding nature of the Settlement Agreement if it is ultimately approved, and the date of the Fairness Hearing, advising them further that the date may change without further notice and that they may check the Notice and Settlement Administrator's dedicated website or the Court's PACER site to confirm that the date has not been changed.  The notice to be provided to Class Members is the best notice practicable under the circumstances, and constitutes due and sufficient notice of the proposed Settlement Agreement and this Order to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 and due process.

8.      Within ninety (90) days of entry of this Order, the Notice and Settlement Administrator shall begin providing notice of the Settlement Agreement to Class Members as described in the motion for preliminary approval:

(a)      For the Damages Class, the Notice and Settlement Administrator will (i) mail the written notices, along with an opt-out forms, to the most recent known address for each Class Member; (ii) create a dedicated website for the Settlement; and (iii) conduct additional investigation if notices are returned as undeliverable.

(b)      For the Wrongful Death Class, the Notice and Settlement Administrator will (i) mail the written Notices, along with opt-out forms, to the most recent known address for each personal representative, or, if no personal representative is designated, each beneficiary, of the Class Member estates; (ii) create a dedicated website for the Settlement; and (iii) conduct additional investigation if notices are returned as undeliverable.

9.      No later than ninety (90) calendar days after the mailing and publication of notice of the Settlement Agreement to the Classes, any Class Member wishing to be excluded from the Settlement Agreement, or any personal representative of a Class Member estate wishing for the

5

Class Member estate to be excluded from the Settlement Agreement, or if there is no personal representative, any beneficiaries of a Class Member estate wishing for the Class Member estate to be excluded from the Settlement Agreement, shall either (i) mail an opt-out form or request to the Notice and Settlement Administrator conforming in all respects to the terms and provisions of the notice; or (ii) submit an opt-out form online through the Notice and Settlement Administrator's dedicated website conforming in all respects to the terms and provisions of the notice.  Those who timely and properly do so shall neither participate in the settlement nor release their claims, and they forego (a) all the benefits they might otherwise receive because of the settlement and (b) their standing to participate in the Fairness Hearing or object to the proposed Settlement Agreement or any portion of it.  Failure to opt out in strict compliance with the time and manner set forth in the notice shall result in waiver of the right to opt out.  All Class Members who either do not attempt to or fail to properly and timely opt out shall remain part of the settlement and, to the extent the Settlement Agreement is ultimately approved, shall be bound by the settlement.

10.    The notice shall designate the Notice and Settlement Administrator as the entity to whom opt-out requests shall be sent.  The Notice and Settlement Administrator shall be responsible for the receipt of all responses from Class Members and shall preserve all opt-out requests and any and all other written communications from Class Members or any other person in response to the notice until administration of the settlement is complete or pursuant to further Order of this Court.  All written communications received from Class Members and all written responses to inquiries by them relating to the Settlement Agreement and settlement shall be

6

available at all reasonable times for inspection and copying by counsel for Defendants and Class Counsel, subject to further Order of the Court if issues of privilege or confidentiality arise.

11.     Any Class Member, or personal representative or beneficiary of a Class Member estate, who does not attempt to or fails to properly and timely opt out of the settlement may, but is not required to, enter an appearance either *pro se* or through counsel of that Class Member's own choosing and expense. Any Class Member, or personal representative or beneficiary of a Class Member estate, who does not enter a separate appearance shall be represented by Class Counsel. Class Members, or personal representatives or beneficiaries of a Class Member estate, who are in favor of the proposed settlement need not appear at the Fairness Hearing or take any other action to indicate their approval.

12.     Any Class Member, or personal representative or beneficiary of a Class Member estate, who seeks to challenge or object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any portion of the settlement, including without limitation the amount of Class Counsel's requested fees and expenses, must remain part of the Class and must send a letter to this Court setting forth in writing the basis for the Class Member's objection. Any such objection must be postmarked no later than 90 calendar days after the mailing of the notice of the settlement. Any objecting Class Member, or objecting personal representative or beneficiary of a Class Member estate, may appear at the Fairness Hearing in person, with or without such Class Member's separate counsel. The scope of any objector's presentation of evidence or argument at the Fairness Hearing shall be limited to such objector's written objection. If an objecting Class Member chooses not to appear at the Fairness Hearing, the Class Member's written objection will be presented to and considered by the Court and carry the same weight as if the Class Member had appeared in person. Any Class Member, or objecting personal representative or

7

beneficiary of a Class Member estate, who fails to file and serve an objection in compliance with the deadlines and procedures, and containing the information required by the notice, shall be deemed to have forever waived and forfeited the right to object to the Settlement Agreement or any part of the settlement or to raise or pursue an objection at the Fairness Hearing or at any point thereafter, including through appeal or as part of a separate proceeding.

13.    All other events contemplated under the Settlement Agreement to occur after this Order and before the Fairness Hearing described in this Order shall occur as proposed in the Motion for Preliminary Approval, to the extent not inconsistent herewith.

14.    The motion for (i) attorneys' fees, and (ii) costs and expenses shall be filed not later than forty-five (45) calendar days after the deadline for the Settlement Administrator issue notice to class members.  The deadline for the motion for final approval shall be set by future order of this Court as described in the motion for preliminary approval.

15.    A hearing on the motion for costs and expenses shall be held before the undersigned on **January 11, 2027 at 10:00 a.m.** in the United States District Court for the District of Oregon, 1000 SW Third Ave., Portland, Oregon, Courtroom 13B,  to determine the appropriate amount of costs and reasonable expenses incurred as of the date of the hearing that may be reimbursed to Class Counsel from the Settlement Fund.

16.    A Fairness Hearing shall be held before the undersigned on **October 18, 2027 at 9:00 a.m.** in the United States District Court for the District of Oregon, 1000 SW Third Ave., Portland, Oregon, Courtroom 13B, to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, the entry of any final order or judgment in the action, any motion for attorneys' fees and reasonable expenses incurred after the hearing set forth in Paragraph 15, and other related matters.  The Fairness Hearing may be postponed, adjourned,

conducted virtually, or continued by further Order of this Court without further notice to the Classes.

17.     All proceedings in the Litigation other than those necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court.  Pending final determination of the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, no Class Member, other than those who timely and properly have opted out of the Classes, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Litigation.

**IT IS SO ORDERED.**

Dated: June 25, 2026

_____
HON. STACIE F. BECKERMAN
U.S. Magistrate Judge

9